| 89  | 105 |
| 96  | 57  |

| 89  | 105 |
| 108 | 36  |

# Brinson *v.* The State.

*Indictment for Selling Spirituous Liquor contrary to Law.*

1. *Prohibitory liquor laws in Lowndes county.*—By act approved February 28th, 1881, the sale of spirituous liquors was prohibited "within two miles of the court-house at Hayneville in Lowndes county" (Sess. Acts 1880-81, p. 148); and this prohibition supersedes, as to that locality, the provisions of the more general statute approved two days before (February 26th), which applied to the whole county of Lowndes "except incorporated cities and towns," such as Hayneville then was, and which did not go into effect until the 1st January, 1882 (*Ib.* 240); nor is it repealed, or in any manner affected, by the provisions of the act approved February 10th. 1887 (Sess. Acts 1886-7, p. 692), amendatory of said act of February 26th.

2. *Sale of liquor on prescription or order of physician.*—A prohibitory liquor law, which allows practicing physicians to *administer* spirituous liquors whenever they deem it necessary, having first made and filed an affidavit that they "will not *prescribe* any of said intoxicating beverages except in case of absolute necessity," contemplates the *bona fide* administering of such liquors as a medicine, in cases of necessity, and not otherwise; and it does not authorize a physician, who has taken the prescribed oath, to give an order for a quart of whiskey, on a drug-store in which he is a partner, nor protect his partner in making the sale.

FROM the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

The indictment in this case charged that the defendant, R. E. Brinson, "sold spirituous, vinous or malt liquors, without a license, and contrary to law." On the trial, as the bill of exceptions shows, the facts were agreed on, as

[Brinson v. The State.]

follows: "It is agreed in this case that the following are the facts: That defendant, on the 25th October, 1889, in the town of Hayneville in said county, sold a quart of whiskey to one H. Young, on the prescription of Dr. T. B. Stallings, a practicing physician, regularly licensed and practicing in said county; that Dr. Stallings had, before that time, made and signed an oath before Hon. A. E. Caffee, probate judge of said county, in terms and to the effect prescribed by the act of the General Assembly of Alabama, approved February 10th, 1887, entitled 'An act to amend an act (No. 192) to prohibit the sale or giving away of spirituous, vinous or malt liquors, in Lowndes county, except in incorporated cities and towns, approved February 26th, 1881;' that said sale was made by defendant, on said prescription, at his drug-store in Hayneville, within two miles of the court-house of the county; that defendant and Dr. Stallings are partners in said drug-store, and in carrying on the business thereof, which is the general business of a drug-store; that said town of Hayneville was incorporated by act of the General Assembly of Alabama, and, prior and until May 1st, 1881, had regular town or city authorities, organized and in effective force for the preservation of peace and good order within its limits; but that subsequently to said May 1st, 1881, and on said October 25th, 1889, said town had no such town or city authorities. It is agreed and admitted that the foregoing are all the facts in the case."

On the agreed facts, the court charged the jury, on request of the solicitor, that they must find the defendant guilty, if they believed the evidence; to which charge the defendant excepted.

The case involves a consideration of the force and effect of the following legislative acts: (1.) The act approved February 28th, 1881, prohibiting "the sale, giving away, or otherwise disposing of spirituous, vinous or malt liquors, or intoxicating bitters, at or within certain designated local-ities," one of which was "within two miles of the court-house at Hayneville, Lowndes county."—Sess. Acts. 1880–81, pp. 148–54. This act prescribed, as a penalty for its violation, a fine of not less than $50, nor more than $500, with an additional sentence, at the discretion of the jury, to imprisonment and hard labor for not more than six months; and the prosecution seems to have been founded on this statute. (2.) The act approved February 26th, 1881, entitled "An act to prohibit the sale or giving away of spirituous, vinous

or malt liquors in Lowndes county, except in incorporated
towns and cities."—Sess. Acts 1880–81, p. 241.   This act
contains but a single section, which provides, "That from
and after the first day of January, 1882, it shall not be law-
ful to sell, or keep on sale, in the county of Lowndes, any
spirituous, vinous or malt liquors, nor to give the same
away at any place where merchandise or other things are
kept for sale, or at any other public house or place where
people resort, within said county of Lowndes; and any person
who is guilty of the same shall, upon conviction, be punished
for each and every violation of this act, by a fine of not less
than $50 nor more than $500, and may be imprisoned in
the county jail for not more than six months, one or both,
at the discretion of the jury trying the case; *provided*, that
this act shall not be operative within the limits of incorporated
towns and cities in said county, in which there exist regular
town or city authorities organized and in effective force for
the preservation of peace and order within their limits."
(3.) The act approved February 10th, 1887, amending the
act last above named, "so as to read as follows:" *Sec.* 1.
"Any person who sells, gives away, or otherwise dis-
poses of vinous, spirituous or malt liquors, or intoxicating
bitters, beverages or drinks, or fruits preserved in
alcohol or alcoholic liquors, in Lowndes county, shall be
guilty of a misdemeanor, and, on first conviction, shall be
fined not less than $50, and on a second, and every subse-
quent conviction, shall be confined at hard labor for the
county, for not less than thirty, nor more than ninety days."
*Sec.* 2.   "This act shall not be construed or held . . to
prevent regularly licensed and practicing physicians from
administering any of the above named liquors, whenever
they deem it necessary; *provided*, said physicians must first
make and sign an oath, before some officer of competent
jurisdiction in said county, that he will not prescribe any of
said intoxicating beverages, except in cases of absolute
necessity; said oath to be filed with the probate judge of
said county."   *Sec.* 3 prescribes the solicitor's fee on con-
viction.

R. M. WILLIAMSON, and G. COOK, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was convicted of the
offense of selling spirituous liquors without a license, and

[Brinson v. The State.]

contrary to law.    The evidence, as set out in the agreed
statement of facts, showed that he sold a quart of whiskey,
on October 25th, 1889, to one Young, in the town of Hayne-
ville, and within two miles of the court-house, in the county
of Lowndes.    It was also an admitted fact, that the sale was
made upon the prescription of one Dr. Stallings, who was a
regularly licensed and practicing physician in said county,
and was at the time a partner of the defendant in the drug
business at Hayneville.

The conviction was manifestly under the provisions of the
act of February 28th, 1881 (Acts 1880–81, p. 148), which
prohibited as unlawful the sale of spirituous and other named
liquors, at sundry places, including "within two miles of the
court-house at Hayneville, Lowndes county," and made a
violation of the act a misdemeanor, punishable on conviction
by a fine of from fifty to five hundred dollars, and also im-
prisonment for not more than six months, within the discre-
tion of the jury.

The question is, whether this act of February 28th, 1881,
is still in force, or has been repealed.

On two days before that act was approved, at the same
session of the General Assembly, another prohibition law
had been passed for the entire county of Lowndes, excepting
only incorporated towns and cities.    This was the act of
February 26th, 1881, and its provisions will be found in the
Acts of 1880–81, p. 241.    After the usual prohibitory clause,
making sales and other dispositions of spirituous or other
liquors unlawful, within the county of Lowndes, and affixing
the punishment of fine and imprisonment to its violation, a
*proviso* declared that it should not be "operative within the
limits of incorporated towns and cities in said county, in
which there exist regular town or city authorities, organized
and in effective use for the preservation of peace and order
within their limits."    This act went into effect January 1st,
1882.    The town of Hayneville was then incorporated, and
is shown to have had such a police force as to come within
the above proviso, or exception.

It is too manifest for argument, that the act of February
28th, 1881, being the more recent in date, put in operation
the law of prohibition within two miles of the court-house
in the town of Hayneville, and took this *particular locality*
out of the influence of the prior act of February 26th, 1881,
which permitted the sale of spirituous and other intoxicating

[Brinson v. The State.]

liquors in Hayneville, subject to the provisions of the general law of the State, which required a license.

It is insisted that the special act of February 28th, 1881, applicable to Hayneville, is repealed by the act of February 10th, 1887, which is applicable to Lowndes county in general.—Acts 1886–87, p. 692. The latter law purports to amend the act of February 26th, 1881, which, as we have seen, also applied to the county of Lowndes except incorporated towns and cities. It changes the terms of the amended act, in several particulars which are very material, including the punishment imposed for its violation; and allows regularly licensed and practicing physicians to administer any of the prohibited liquors "whenever they deem it necessary"—such physicians being first required to take a certain oath, which must be filed with the probate judge.

The later act of February 10th, 1887, does not, in our judgment, repeal the act of February 28th, 1881, applicable to Hayneville. It was not intended to give the amended act of February 26th, 1881, any more extensive operation as to area or locality than it had before, except as to incorporated towns, *as to which no special law had been enacted.* If there were other incorporated towns, they were at once brought within the terms of the act because they were in Lowndes county, and the legislature as to them had not spoken any particular intention. Not so as to Hayneville. As to this incorporated town, it had declared that prohibition should prevail within two miles of the court-house. There is ample scope for the operation of both laws, and, therefore, no irreconcilable conflict between them. One has reference to a special and limited locality; the other generally to all other parts of Lowndes county, not excepted from its influence by some special legislative provisions. The whole inquiry is one of legislative intention, and that intention appears to us manifest, that the provisions of the act of February 28th, 1881, relating especially to Hayneville, shall in no manner be affected by the more general law of February 10th, 1887, applicable to Lowndes county. The repeal contended for is one by implication, and can not be sustained. Endlich on Statutes, §§ 223, 194, 227; *Abernathy v. State,* 78 Ala. 411.

There is another phase of this case, which the view we have above taken renders unnecessary to be considered at any length. The statute of February 10th, 1887, provides that it shall not be construed to prevent regularly licensed

[Money v. The State.]

and practicing physicians from "administering" any of the prohibited liquors "whenever they deem it necessary." But such physicians are each required first to make and subscribe an oath, that "he will not prescribe any of said intoxcating beverages except in cases of absolute necessity," such oath to be filed with the probate judge of the county.—Acts 1886–87, p. 692. *Administer* here means "to give, as a dose; to direct or cause to be taken, as medicine."—Imperial Dict.; *Bean v. People*, 33 How. Pr. (N.Y.) 66, 69. This is emphasized by the subsequent word "prescribe," which means to "direct as a remedy."—Worcester's Dict. The statute clearly contemplates the *bona fide* administering of such liquors as a medicine in cases of necessity, not otherwise.

We are all of opinion that the giving by a physician of an order for a quart of whiskey, on a drug-store in which he himself was a partner, without more, is not the administering of a medicine within the meaning of this law, but an illegal sale of spirituous liquors contrary to the terms of the statute.

We find no error in the record, and the judgment is affirmed.