# Carson v. The State.

## Indictment for violating Prohibition Law.

1. *Act prescribing punishment for violating prohibition law of Lowndes County construed.*—The Act of December 5th, 1892, (Acts 1892-93 p. 12) prescribing punishment for a violation of the various prohibition laws of Lowndes county, repeals the penalties prescribed in all other prohibition statutes for that county, as for all offenses thereafter committed, but the prohibition statutes themselves remain unmolested.

2. *Same.*—The penalty prescribed in such act for a minimum fine of not less than $50 for the first offense, and not less than $100 on each subsequent conviction for the like offense, was intended to apply, as to the enhanced punishment provided, where there had been more than one such conviction, and only where each conviction had been for a violation of any one of said statutes, since the adoption of said act of December 5th, 1892.

3. *Sufficiency of indictment for violating prohibition law.*—An indictment for violating a prohibition law, which fails to aver that the act charged was "contrary to law," is wholly insufficient.

APPEAL from Lowndes Circuit Court.
Tried before Hon. J. R. TYSON.
The facts of this case are sufficiently stated in the opinion.

J. C. RICHARDSON for appellant.—Cited *Moore v. The State*, 40 Ala. 49.; *Miller v. State* Ib. 54; *Stevens v. State*, Ib. 54; *Steven v. State*, Ib. 67; Riley's Case, 2 Pick. 2.

W. C. FITTS, Attorney-General, *contra*, cited 7 Am. & Eng. Enc. L. 529-30; Ib. 527; Cooley Con. Lim. (5th Ed.) 265, 322; *Strong v. State*, 1 Blackf. (Ind.) 193.

HARALSON, J.—By an act of the legisluature, approved February 28, 1881, (Acts 1880-81, p. 149) the sale, giving away, or otherwise disposing of spirituous, vinous or malt liquors or intoxicating drinks, was prohibited within two miles of the court-house at Hayneville, Lowndes county, under penalty on conviction, to one offending, of a fine in a sum of not less than $50, nor more than $500, and imprisonment in the county jail or sentence to hard labor for the county, not more than

six months, at the discretion of the jury.   On February 26, 1881, the legislature passed a prohibition statute for Lowndes county, except in incorporated cities and towns, prescribing a punishment of not less $50, nor more than $500, and imprisonment in the county jail for not more than six months, one or both, at the discretion of the jury trying the cause.—Acts 1880–81, p. 241.   And on 10th February, 1887, another prohibition act was passed, applicable to the whole county, with penalty on conviction of not less than $50 on first conviction, and on a second and every subsequent conviction, confinement at hard labor for the county for not less than thirty nor more than ninety days.—Acts 1886–87, p. 692.   In *Brinson v. The State*, 89 Ala. 105, we held, that the local law applicable to Hayneville, under which the defendant was convicted, superseded as to that locality, said act of 26th February, 1881; and that it was not repealed or in any manner affected by the provisions of said later act of 1886–87, approved 10th February, 1887.

By an act, approved December 5, 1892, (Acts 1892–93, p. 12) it was provided, "that in all cases of conviction under any of the statutes which prohibit the sale or giving away of spirituous, vinous or malt liquors, or other intoxicating drinks in the county of Lowndes, or any part thereof, the person convicted shall be punished by a fine of not less than $50 for the first offense, and not less than $100 on each subsequent conviction for the like offense, and in default of payment of such fine, he shall be sentenced to hard labor in the manner and measure now required by law in other criminal cases."

This last act had reference to, and was amendatory of all the prohibition statutes in that county, its object being, manifestly, to prescribe a uniform penalty for the violation of a prohibition law, whether occurring in an incorporated city or town or out of it, elsewhere in the county.

By the express terms of the said act of December 5th, 1892, the penalties prescribed in all other prohibition statutes of Lowndes county, as for all offenses thereafter committed, certainly, were repealed.   The prohibition statutes themselves remained unmolested.   The act related alone to a revision and change of the penalties prescribed under these different prohibition statutes, so that, thereafter, for all offenses, at least, committed after its passage, no punishment could follow conviction under

any of said statutes, except such as was prescribed under the latest act.

Now, the defendant was indicted for a violation of the statute of February 28, 1881, forbidding the sale or giving away of liquors within two miles of Hayneville. In the indictment it was alleged, that before the finding of this indictment, the defendant had been tried and convicted of a like offense in the circuit court of said county. On the trial it was shown that he had been convicted, at the fall term of the circuit court for 1893, for the violation of this statute, but that the offense had been committed prior to said amendatory act of December 5, 1892. But it is not denied, that the violation of the law for which he was then being tried, was committed after that date, and under the bill of exceptions we must take that fact as true. The court charged the jury, that if they found the defendant guilty, the minimum fine would be $100 as prescribed by said act of December 5, 1892, to which the defendant excepted, and from that decision the appeal is prosecuted.

The charge of the court in instructing the jury, that the minimum fine they could impose in case of conviction was $100, is justified alone on the ground, that the defendant had been convicted, under indictment for violation of some of the other prohibition statutes for Lowndes county, before the passage of said act.

Without questioning the constitutional validity of said act of December 5th, 1892, we are sure this is an erroneous construction of it, and that the penalty there prescribed for the violation of any of said statutes, for a minimum penalty of not less than $50 for the first offense and not less than $100 on each subsequent conviction for the like offense, was intended to apply, as to the enhanced punishment provided, where there had been more than one such conviction, and only when each conviction had been for a violation of any one of said statutes, since the adoption of said act of December 5, 1892.

The indictment was demurred to, but on what grounds is not stated. If it was intended that the indictment should contain two counts, the first charge, according to our former rulings, is wholly insufficient, on which to base a conviction. It does not allege that the offense of selling and giving away the spirituous, vinous or malt liquors or intoxicating bitters, was done "con-

trary to law."—Sills Case, 76 Ala. 92; Williams' Case, 91 Ala. 14; Tarkins' Case, *ante p.* Code, § 4037, Form 78.

If the latter and concluding charge in the indictment is to be taken as a separate count, it is even more defective than the first, in that it does not aver that the acts complained of, were done "contrary to law," and is very general and lacking in sufficiency of averment of the former offense therein referred to. And, if both charges were intended to constitute but one count, and are taken as such, they do not aid each other, and together, are as as defective as if construed as separate counts.

As to whether the defendant may be held to answer another indictment, see Code, § 4394.

Reversed and remanded.