130    31
135    34

# Williams *v.* The State.

*Indictment of Convict for Murder.*

1. *Criminal practice; competent for solicitor to enter nolle prosequi.* Where an indictment contains more than one count, it is permissible for the solicitor to enter a *nolle prosequi* as to one of the counts.

2. *Homicide by convict; sufficiency of indictment.*—An indictment which charges that the defendant "who was then and there a convict sentenced to imprisonment for life for murder in the first degree from the criminal court of Jefferson county, to-wit, the 18th day of March, 1899, and while said sentence was yet in force against him killed" a certain named person by striking him with a miner's pick, sufficiently charges murder by a convict under the provisions of the statute (Code, ¡§ 4859), and is not subject to demurrer; nor should such count in an indictment be stricken upon the ground that it was calculated to prejudice the defendant in the minds of the jury.

3. *Same; construction of statute.*—A statute which provides that "a convict sentenced to imprisonment for life who commits murder in the first degree while such sentence remains in force against him, must, on conviction, suffer death," (Code, § 4859), is not subject to the constitutional objection that it is class legislation.

4. *Same; admissibility of evidence.*—On a trial under an indictment charging the defendant with having committed murder while serving a life sentence in the penitentiary, the record of the judgment of conviction and sentence of the court wherein the defendant was tried and convicted is competent evidence and admissible.

5. *Same; same.*—In such a case, it is competent for the State to prove by the clerk of the court wherein the former conviction was had, or his deputy, that the defendant in the present suit was the same person who had been formerly tried and convicted in said court.

6. *Charge as to reasonable doubt.*—A charge which instructs the jury that "a reasonable doubt is a doubt for which a reason can be given, and if under the testimony in this case the jury can give a reason for acquitting the defendant," etc., he must be acquitted, is misleading and confusing and its refusal is not error.

[Williams v. The State.]

APPEAL from the Criminal Court of Jefferson.
Tried before the Hon. SAMUEL E. GREENE.

The original indictment under which the appellant was tried and convicted was in words and figures as follows: "The grand jury of said county charge that before the finding of this indictment Alonzo Williams, alias Lonzo Williams, alias Lon Williams, unlawfully and with malice aforethought killed John Richardson by striking him with a miner's pick." (2.) "The grand jury of said county further charge that before the finding of this indictment Alonzo Williams, alias Lonzo Williams, alias Lon Williams, who was then and there a convict sentenced to imprisonment for life for murder in the first degree in the criminal court of Jefferson county, to-wit: the 18th day of March, 1899, and while said sentence was yet in force against him, the said defendant unlawfully and with malice aforethought killed John Richardson by striking him with a miner's pick, against the peace and dignity of the State of Alabama."

To this indictment the defendant demurred upon the following grounds: 1. The indictment charges two separate offenses. 2. The second count of the indictment, while charging that the defendant was a convict sentenced to imprisonment for life for murder in the first degree in the criminal court of Jefferson county on March 18, 1899, failed to show by what judge or authority he was sentenced. 3. The law under which the second count is drawn is unconstitutional and void, in that it is class legislation, inflicting a punishment upon one citizen not inflicted upon another. This demurrer was overruled and the defendant duly excepted. Thereupon the defendant moved to strike from the indictment the second count thereof upon the ground that the reading of said count to the jury is calculated to produce in the minds of the jury prejudice and deprive the defendant of a fair and impartial trial, and because it is unnecessary that the jury should be informed of the facts therein alleged. This motion was overruled, and the defendant duly excepted.

The solicitor, by the consent of the court, entered a nolle prosequi as to the first count and the trial was had upon the plea of not guilty filed to the second count of the complaint.

[Williams v. The State.]

The testimony for the State tended to show that while the defendant was confined as a convict in the penitentiary at Pratt Mines in Jefferson county, under a sentence for life, he killed one John Richardson by striking him with a miner's pick. The solicitor offered in evidence the record of the conviction of the defendant in the criminal court of Jefferson county, and also the record of the judgment and sentence of the court. The bill of exceptions recites that "the defendant objected to the introduction and reading in evidence of each of said records," but there are no grounds of objections set forth. The court overruled each of these objections, and to each of these rulings the defendant separately excepted.

Upon the examination of the deputy clerk of the criminal court, and after he had stated that he knew Alonzo Williams, the defendant, he was then asked by the solicitor the following question: "Is the prisoner at the bar the same person who was convicted in this court on March 14, 1899, for murder in the first degree?" The bill of exceptions recites that "the defendant objected to the question propounded to the witness; the court overruled the defendant's objection, and to the ruling of the court thereon the defendant duly excepted." Upon the witness answering that "he is the same man," the defendant moved to exclude said answer from the jury, and duly excepted to the court's overruling the motion.

The defendant requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give such charge as asked: "A reasonable doubt is a doubt for which a reason can be given, and if under all the testimony in this case, the jury can give a reason for acquitting the defendant of murder in the first degree, that would be a reasonable doubt, and I charge you, gentlemen of the jury, that you can not convict the defendant of murder in the first degree."

No counsel marked as appearing for the appellant.

CHAS. G. BROWN, Attorney-General, for the State. It was competent for the solicitor with the permission

of the court to enter a *nolle prosequi* to one or more counts of the indictment, and there is no error in this ruling of the court.—*Salm v. State,* 89 Ala. 58-59. The indictment was framed according to section 4859 of the Code, and the demurrers and motions and objections to the evidence were without merit.—*People v. Bach,* 67 N. W. Rep. 982; 1 Bishop's New Criminal Procedure, § 17, *et seq.* 82, 325 (3), and 509 (2) ; *State v. Thornton,* 63 N. H. 115.

TYSON, J.—There was no error in permitting a *nolle prosequi* of the first count of the indictment.—*Salm v. State,* 89 Ala. 58.

Objections were taken to the second count of the indictment by demurrer and motion, directed mainly to the averment "who was then and there a convict sentenced to imprisonment for life for murder in the first degree in the criminal court of Jefferson county, to-wit: the 18th day of March, 1899, and while said sentence was yet in force against him," etc. The count is in conformity to the requirements of section 4859 of the Code, which provides that, "Any convict sentenced to imprisonment for life, who commits murder in the first degree, while such sentence remains in force against him, must on conviction suffer death."

Nor is there any merit in the objection to the count involving the constitutionality of the section above quoted on account of its being class legislation. The punishment imposed by the statute is the only one that could be effectually inflicted. Any less degree of punishment would amount to no punishment at all. This is sufficient to maintain and justify the classifications made by the statute. It is clear that the statute applies alike to all convicts, while under sentence to imprisonment for life who commit murder in the first degree, whether the imprisonment is the result of a conviction for murder in the first degree or any other offense punished by imprisonment for life.

Perhaps, for the purpose of preserving the exceptions reserved to the overruling of the objections to the indictment, objections were interposed by defendant to the introduction in evidence of the record of his conviction

and sentence in March, 1899. No grounds were assigned in support of the objections. In other words, they were general. There was no merit in them. The record was competent evidence of his conviction and sentence, and indeed, its introduction was the proper method to prove his conviction and sentence. So, too, the testimony offered by the prosecution identifying the defendant as the person named in the record was proper.

There was no error in refusing the written charge requested by defendant.—*Avery v. State*, 124 Ala. 20.

There being no error in the record, the judgment of conviction must be affirmed. The day for the execution of the defendant having passed, this court appoints as the day for the execution of the sentence under section 5430, *et seq.*, of the Code, the 28th day of June, 1901.

Affirmed.