STATE, Respondent, v. LA SHIER, Appellant.

(161 N. W. 807.)

(File No. 4007.   Opinion filed March 22, 1917.)

**1.   Intoxicating Liquors—Unlawful Sale—Vendor Physician's Prescription as Defense—Not Drunk on Premises, Not Beverage, Effect.**

Where, in a prosecution for unlawful sale of intoxicating liquor at retail without statutory license, the evidence showed that in each case of sale the purchaser had consulted defendant as a physician, defendant had written a prescription therefor, and that the liquor so sold had been taken by purchaser as directed by defendant; it not appearing that any of the same had been drunk on premises where sold, or that it had been used as a beverage, **held**, the evidence fails to sustain verdict of conviction.

Smith, J., concurring specially.   Gates, P. J., and Whiting, J., dissenting.

**1.   Same—Unlawful Sale—Licensed Physician as Vendor, Necessity for Liquor License.**

A licensed physician, as such, is not required to take out license under liquor laws to authorize him, in good faith, to supply his patients with intoxicating liquors for medicinal purposes.

Appeal from Circuit Court, Douglas County.   Hon. ROBERT B. TRIPP, Judge.

The defendant, Bion W. La Shier, was convicted of violating the law regulating the sale of intoxicating liquors at retail; and from a judgment of conviction, and from an order denying a new trial, he appeals.   Reversed.

*Walker & Gurley,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,* Assistant Attorney General, for the State.

(1) To point one of the opinion, Appellant cited:   Pol. Code, Secs. 2838, 2860, 279; State v. Dunning, (S. D.) 85 N. W. 589.

Respondent cited:   State v. Hoagland, (Ia.) 41 N. W. 595; Williams v. State, (Tex.) 77 S. W. 783; State v. Lesh, (N. D.) 145 N. W. 830; Laws 1905, Ch. 123; Sarris v. Commonwealth, 83 Ky. 327.

POLLEY, J.   In this case an information was filed by the state's attorney of Douglas county charging that between certain dates named therein the defendant engaged in the business of

selling spirituous, malt, brewed, fermented, and intoxicating liquors at retail in the city of Armour, in said county, without having paid the license fee provided by law. A trial to a jury resulted in a conviction, and a fine of $350 and costs were imposed upon defendant under the provisions of section 2838, Pol. Code. A motion for a new trial was overruled, and defendant appeals.

[1, 2] It appears from the evidence that four different sales of intoxicating liquor had been made at defendant's drug store between the dates named in the information, but that in each case the purchaser had consulted defendant as a physician, and defendant had written a prescription for such liquor and given it to the purchaser. In one case the defendant himself filled the prescription by giving the purchaser a bottle of intoxicating liquor. In the other three cases the prescription was filled by the pharmacist in charge of defendant's drug store. It also appears that the liquor so sold had been taken by the purchaser as directed by defendant, but it was not shown, nor attempted to be shown, that any of said liquor so sold had been drunk on the premises where sold, or that it had been used as a beverage. These facts are not sufficient to support the verdict in this case. A licensed physician, as such, is not required to take out a license to authorize him in good faith to supply his patients with intoxicating liquors for medicinal purposes This disposes of the whole case, and it is not necessary to determine the other questions presented by appellant's assignments.

The judgment and order appealed from are reversed.

SMITH, J. (concurring specially). I concur in the reversal in this case for the reason that the evidence is not sufficient to sustain a conviction, assuming the instruction as to good faith in giving the prescription, to be correct. The undisputed evidence shows that the liquor prescribed was not in fact used as a beverage, and there is not a scrap of evidence to show that the defendant did not prescribe it for medicinal purposes.

The question from Woolen & Thornton is misleading and inapplicable in this case. The accused did not give an "order" for a quantity of whisky. The prescription given in this case is in the record, and contained full directions for use, and the state's

witness testified that he used the liquor as therein prescribed, and that it was not used as a beverage.

In order to sustain a conviction, this court must say that the state's own witnesses lied upon the vital issues in this case. I am not prepared to say, in this class of cases more than in any other, that a person accused must be presumed to be guilty.

GATES, P. J. (dissenting). I cannot agree with the conclusion of the majority that the judgment in this case should be reversed. I think that the majority opinion fails to cover the real issue, viz. whether the sales of· intoxicating liquor were made in good faith for medicinal purposes. The trial court charged the jury in part as follows:

"It is my duty to say to you the question of law is or the question of fact for your decision is: Did the defendant at any time between those dates sell any intoxicating liquors—for it is admitted he did not have a license—or was any such liquor sold at his drug store, at his instance, knowledge, or consent? If you find from the evidence that he did, or that it was so done at his store, it would be your duty as jurors and as officers of this court in this case to convict, unless you find he was justified in so doing by reason of his being a practicing physician during the period referred to. It is prescribed by our law upon this subject relating to practicing physicians (Political Code, § 279): 'That a physician may supply to his patients such articles as may seem to him proper, provided that no part of this section shall be so construed as to give the right to any physician to furnish any intoxicating liquors to be used as a beverage, on prescription or otherwise.' Now notice: He has the right to 'supply to his patients such articles as may seem to him proper, provided that no part of. this section shall be so construed as to give the right to any physician to furnish any intoxicating liquors to be used as a beverage, on prescription or otherwise.' So the further and important question in this case is presented: If you find the doctor did furnish any of the parties to whom reference has been made such liquors, was it furnished as a beverage, that is, for the purpose merely of being drank, not, in truth, for medicinal purposes? The question of fact for your decision is largely one of good faith. If you find such liquor was sold or · furnished any of these persons at this store, the burden would

be upon the doctor to show that he did it in the conscientious performance of his professional duty as a physician, not at the instance of any of them to get such liquors as a beverage, or from a desire for drink, or from any desire of gain, if any, on his part. If you find any of them got such liquor from him, or from his store in the way stated, but it was through the exercise of his honest professional judgment as a physician in prescribing for his patients, he should be acquitted, otherwise convicted."

No. exception was taken to these instructions; so for the purposes of this case the instructions stand as properly embodying the law applicable thereto. We say no exceptions were taken because the alleged exception shown in the brief, viz. "the defendant duly excepted to said charge and every part thereof," is no exception at all. Wood v. Dodge, 23 S. D. 95, 120 N. W. 774; Comeau v. Hurley, 24 S. D. 275, 123 N. W. 715.

In Woolen & Thornton on Intox. Liq. § 512, we find the following:

" 'The statute contemplates the bona fide administering of such liquors as a medicine in cases of necessity, not otherwise. We are all of the opinion that the giving by a physician of an order for a quart of whisky, on a drug store in which he himself was a partner, without more, is not the administering of medicine within the meaning of the law, but an illegal sale of spirituous liquor, contrary to the terms of the statute.' Brinson v. State [89 Ala. 105] 8 South. 527. 'He must make the sale as a physician, and reasonably believe that the patient needs it, and not upon the suggestion of the patient that he needs it nor that his wife or a member of his family needs it.' "

The circumstances attending the sales made by defendant were sufficient to justify the trial court in submitting to the jury the question of good faith. When a man goes to a doctor and says he wants a quart of whisky or a quart of brandy and asks if the doctor can furnish it to him, in other words, when the patient prescribes liquor for himself and asks the doctor to "O. K." it, the jury have the right to determine from that and the other evidence whether the sale was actually for medicinal purposes or not. Under those instructions the jury found the defendant guilty. In the absence of error, the judgment and order denying a new trial should be affirmed.

WHITING, J., concurs in views of GATES, P. J.