(90 South. 278)
## BROWN v. STATE. (3 Div. 397.)

(Court of Appeals of Alabama. June 14, 1921. Rehearing Denied Oct. 4, 1921.)

Criminal law ⬦369(6)—Admission of evidence of prior conviction is reversible error.

In a prosecution for manufacturing and selling prohibited liquors, the admission of testimony showing a prior conviction for selling liquor was reversible error.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Jimmie Brown was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Certiorari denied, Ex parte State ex rel. Davis, 206 Ala. 546, 90 South. 278.

Ludlow Elmore, of Montgomery, for appellant.

Brief of counel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and W. T. Seibels, Sol., and R. G. Arrington, both of Montgomery, for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted under an indictment which charged that he did distill, make, or manufacture prohibited liquors, and also charged that he did sell, give away, or have in his possession a still. He was sentenced to the penitentiary for an indeterminate term of not less than one year nor more than one year and six months. Only one question was raised on the trial of the cause, and that was the introduction of testimony by the state, over the timely objection of the defendant, showing the conviction of the defendant for the offense of selling liquor. This was reversible, as was declared in the case of Abrams v. State, 17 Ala. App. 379, 84 South. 862. See, also, Lakey v. State, 206 Ala. 180, 89 South. 605.

The judgment of the circuit court is therefore reversed, and the cause remanded.

Reversed and remanded.