(90 South. 278)

Ex parte STATE ex rel. DAVIS, Atty. Gen.

BROWN v. STATE.

(3 Div. 545.)

(Supreme Court of Alabama.   Oct. 27, 1921.)

**Criminal law ⊂⇒369(6)—Evidence of former conviction admissible only when averred in indictment.**

Under Gen. Acts 1915, p. 48, § 23, Id., p. 30, § 29½, and Gen. Acts 1919. p. 17, § 21, evidence of a prior conviction for selling intoxicating liquors is admissible in a prosecution for such offense only when the indictment avers such conviction.

Certiorari to Court of Appeals.

Petition by the State of Alabama, on the relation of Harwell G. Davis, as its Attorney General, for certiorari to the Court of Appeals to review and revise the judgment of said court reversing and remanding the appeal of Jimmie Brown v. State, 90 South. 278.   Writ denied.

Harwell G. Davis, Atty. Gen., and William T. Seibels, Sol., of Montgomery, for appellant.

The Court of Appeals was wrong in holding that the evidence was improperly admitted.   Sections 21, 23, 29½, and 37, p. 17 et seq., Acts 1915.

Ludlow Elmore, of Montgomery, for appellee.

Brief of counsel did not reach the Reporter.

McCLELLAN, J.   The only question presented for review is the correctness of the decision of the Court of Appeals '(90 South. 278), reversing the trial court, that, on a trial under an indictment making no reference to defendant's former conviction, evidence was not admissible directed to showing the conviction of the defendant for violating the prohibition laws on another previous occasion.   The argument is that the pertinent rule of evidence declared in section 23, page 48, of the General Acts of 1915 (also section 29½, page 30, of the Acts for the same year), in connection with section 21, page 17, of the General Acts of 1919, applying existing remedies for the enforcement of that act,

rendered relevant and admissible the indicated evidence of former conviction.   The insistence for the state is not well founded. The provision first cited ante only contemplates the admission of such matter when the indictment contains the averments there, and in section 29½, p. 30, Gen. Acts 1915, described.   Without the prescribed averment in the indictment, etc., of former conviction, for a violation on another previous occasion, this statute's rule is not operative to render the matter admissible.

The petition for the writ of certiorari is denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.