(101 South. 546)

## BAILEY v. STATE. (3 Div. 670.)

(Supreme Court of Alabama. June 30, 1924. Rehearing Denied Oct. 16, 1924.)

**1. Criminal law ⟺1032(1)—Failure to demur to indictment held to preclude review of objections thereto.**

The necessity for, or sufficiency of, a count in indictment, *held* not presented where indictment was not challenged by demurrer.

**2. Constitutional law ⟺203, 208(3)—Criminal law ⟺162, 1209, 1213—Act imposing death penalty where life convict commits murder in first degree held valid.**

Code 1907, § 7089, providing that where convict serving life sentence commits murder in first degree, upon conviction must suffer death, is not offensive to Constitution as class legislation, and is not ex post facto, and does not impose cruel and unusual punishment, nor inflict double punishment, or put accused twice in jeopardy.

**3. Criminal law ⟺1169(1)—Conviction not reversed for admitting testimony not harmful.**

Where it affirmatively appears that admission of testimony over defendant's objection did not result in injury to him, conviction will not be reversed.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Clarence Bailey was convicted of murder in the first degree, and he appeals. Affirmed.

The indictment is as follows:

"The grand jury of said county charge that, before the finding of this indictment, Clarence Bailey, unlawfully and with malice aforethought, killed James Culpepper, by stabbing or cutting him with a knife or dagger.

"The grand jury of said county further charge that, before the finding of this indictment, Clarence Bailey, who was then and there a convict sentenced to imprisonment for life for murder in the first degree in the circuit court of Elmore county, state of Alabama, on, to wit,

the 20th day of November, 1920, and while said sentence was yet in force against him, the said defendant unlawfully and with malice aforethought, killed James Culpepper, by stabbing or cutting him with a knife or dagger, against the peace and dignity of the state of Alabama." ·

Lee & Graves, of Montgomery, for appellant.

Counsel argue for error in the method permitted of proving former conviction, but in view of the decision it is not necessary that the brief be here set out.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

THOMAS, J. The trial was had on indictment for murder in the first degree, and the death penalty was imposed by the verdict of the jury in due form.

[1] The decision in Ex parte State ex rel. Davis, Atty. Gen. (Brown v. State), 206 Ala. 546, 90 South. 278, was merely an exposition of the effect of the specific provisions of the statute under consideration. Gen. Acts 1915, p. 30, § 29½. See Underhill on Crim. Ev. (2d Ed.) p. 823, § 510. The provisions of section 7089 of the Code of 1907, prescribing the punishment, were set up in count 2 of the indictment on which the trial was had, and are different from the provisions of the statute considered in Brown v. State, supra. The necessity for, or sufficiency of, the second count of the indictment, is not presented, as the indictment was not challenged by demurrer. The verdict of the jury was:

"We the jury find the defendant guilty of murder in the first degree as charged in the indictment and fix as his punishment that he suffer death."

[2] It is provided by the statute that any convict sentenced to imprisonment for life, "who commits murder in the first degree while such sentence remains in force against him, must, on conviction, suffer death." Code 1907, § 7089. This statute is not offensive to any clause of the state or federal Constitutions. The statute cannot be held offensive to organic law as class legislation. Williams v. State, 130 Ala. 31, 30 South. 336; Singleton v. State, 71 Miss. 782, 16 South. 295, 42 Am. St. Rep. 488; Brown v. State, 50 Tex. Cr. R. 114, 95 S. W. 1039; People v. Hong Ah Duck, 61 Cal. 387; People v. Majors, 65 Cal. 138, 3 Pac. 597, 52 Am. Rep. 295; State v. Connell, 49 Mo. 282; Kennedy v. Howard, 74 Ind. 87. It is not ex post facto. 24 L. R. A. (N. S.) 433, note. It does not impose cruel and unusual punishment, nor does it inflict double punishment, or put the accused twice in jeopardy. Borck v. State (Ala. Sup.) 39 South. 580; Underhill on Crim. Ev. (2d Ed.) pp. 819, 820, §§ 506, 507.

Mr. Justice Gray, speaking for the Supreme Court of the United States, says of such statutes:

"It is within the discretion of the Legislature of the state to treat former imprisonment in another state as having the like effect as imprisonment in Massachusetts, to show that the man is an habitual criminal. The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only. The statute, imposing a punishment on none but future crimes, is not ex post facto. It affects alike all persons similarly situated, and therefore does not deprive anyone of the equal protection of the laws. Moore v. Missouri, 159 U. S. 673, 40 L. Ed. 301, 16 Sup. Ct. Rep. 179." McDonald v. Commonwealth of Mass., 180 U. S. 311, 313, 21 Sup. Ct. 389, 390, 45 L. Ed. 542, 547.

The imposition of punishment, under the oral instructions of the court, giving in charge to the jury the provisions of section 7089 of the Code of 1907, violated no right guaranteed to the defendant under the state or federal Constitutions.

[3] A question worthy of consideration was reserved on introduction of state's evidence. It was of the nature of the evidence introduced by the state, against the objection of the defendant, to prove the facts necessary to give application of section 7089 of the Code.

It is unnecessary to decide the several questions so reserved as to the manner of proof of defendant's former conviction for murder and of his sentence to the penitentiary for life. The fact that while serving that sentence the instant murder was committed by defendant was incumbent upon the state to prove by competent legal evidence.

The defendant as a witness testified:

"That he was serving a life sentence for killing Francis Stutters in 1920, and that he killed him with a knife, and they were both in the penitentiary at the time, at Speigner."

He was not compelled to testify. It is not shown that said testimony given against defendant's objection necessitated his becoming a witness. It therefore affirmatively appears that no possible injury resulted to defendant in the admission of the testimony to which objection was made and overruled. Supreme Court Rule 45; Ragland v. State, 178 Ala. 59, 59 South. 637; McGehee v. State, 171 Ala. 19, 55 South. 159; De Wyre v. State, 190 Ala. 1, 67 South. 577; Crenshaw v. State, 205 Ala. 256, 87 South. 328; Fuller v. State, 117 Ala. 36, 23 South. 688; Swain v. State, 8 Ala. App. 26, 62 South. 446; Clark v. State, 18 Ala. App. 209, 91 South. 328; 4 Enc. Dig. of Law of Ala. Rep. p. 575, § 776 (3).

The decree of the circuit court is affirmed.

Affirmed.

All the Justices concur.