167 So. 606

### HILL v. STATE.
2 Div. 583.

Court of Appeals of Alabama.
April 14, 1936.

W. F. Herbert, of Demopolis, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The defendant and one other, being indicted separately in indictments charging in the first count distilling whisky and in the second count with being in possession of a still, by consent were tried jointly.

On the trial, the defendant, alone, was convicted on the first count of the indictment of the offense of an attempt to manufacture prohibited liquors, and his fine was fixed at $50, to which the court added an additional punishment of six months at hard labor.

On the trial and on the cross-examination of the defendant while he was being examined as a witness, the solicitor was permitted, over the objection and exception of defendant, to ask the defendant this question: "You have been convicted of manufacturing liquor before, haven't you?" To which the defendant answered: "Yes, sir; I was not guilty, though, but was convicted." To the foregoing, the defendant's counsel entered objection and reserved exception to the ruling of the court.

Since the case of Abrams v. State, 17 Ala.App. 379, 84 So. 862, this court and the Supreme Court have consistently held that section 7723 of the Code of 1923, which provides that "a witness may be examined touching his conviction for crime, and his answers may be contradicted by other evidence," must be construed in connection with section 7722 of the Code of 1923, which provides that "no objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury, or subornation of perjury; but if he has been convicted of a crime involving moral turpitude, the objection goes to his credibility." In Ex parte State ex rel. Davis, Attorney General, 206 Ala. 546, 90 So. 278, the Supreme Court held that under Gen.Acts 1915, p. 48, § 23, Id., p. 30, § 29½, and Gen.Acts 1919, p. 17, § 21, evidence of a prior conviction for selling intoxicating liquors is admissible in a prosecution for such offense only when the indictment avers such conviction. In Lakey v. State, 206 Ala. 180, 89 So. 605, it was held that the offense of distilling liquor does not involve moral turpitude and that proof of a conviction for that offense in an effort to discredit the testimony of the witness was error. To the same effect is Bertalsen v. State, 20 Ala.App. 539, 103 So. 480.

In view of the fact that the party who was being jointly tried with the defendant was acquitted by the jury and upon a conviction for a lesser offense, the court imposed an additional punishment, inflicting the extreme penalty, we are convinced that the admission of the foregoing evidence seriously affected the defendant's rights, and that the error in its admission must result in a reversal.

Another question presents itself in this record in view of the fact that the judgment must be reversed for the error

hereinabove pointed out. The corpus delicti was fully proven. A completed still was set up and in operation and the whisky was running out of the worm. There is no evidence in this case that would justify the jury in returning a verdict of an attempt to commit the act charged in the first count of the indictment. He was either guilty as charged in the first count or he was not guilty at all, and the jury was not authorized under the evidence in this case to render any compromise verdict in mitigation of the offense.

An attempt to commit a crime consists of three elements: (1) The intent; (2) the performance of some act towards its commission; and (3) the failure to consummate its commission. There must be some overt act in part execution of the intent to commit the crime which falls short of the completed crime, the difference between attempt and commission being that the act or step fails to produce the result intended. Following the above, it was said by this court in Broadhead v. State, 24 Ala. App. 576, 139 So. 115, 117: "It follows that a failure to consummate the crime is as much an element of an attempt to commit it as the intent and the performance of an overt act towards its commission; and, where a crime has been actually committed, the second element or ingredient of an attempt is necessarily lacking, and a prosecution or conviction for an attempt to commit a crime could not be sustained for this reason." To the same import are the following cases: Brazier v. State, 25 Ala.App. 422, 147 So. 688; 6 R.C.L. par. 294, p. 277; Graham v. People, 181 Ill. 477, 55 N.E. 179, 47 L.R.A. 731; People v. Moran, 123 N.Y. 254, 25 N.E. 412, 10 L.R.A. 109, 20 Am.St.Rep. 732; Abrams v. State, 17 Ala.App. 379, 84 So. 862; Brown v. State, 18 Ala.App. 275, 90 So. 278.

The verdict of the jury acquits the defendant of the charge under the second count of the indictment and has the effect of acquitting the defendant of the charge of distilling liquor under the first count of the indictment. 7 Alabama and Southern Digest, Criminal Law, ☞1931½.

From the undisputed evidence in this case, it would appear to be useless to remand the case for further trial, and for that reason the judgment is reversed, and judgment will here be rendered discharging the defendant from further prosecution.

Reversed and rendered.