195 So. 213

## WILLIAMS v. STATE.

### 6 Div. 501.

Supreme Court of Alabama.

March 28, 1940.

Charles Hoffman, of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Appellant was convicted of murder in the first degree and his punishment fixed at death.

The appeal is upon the record without bill of exceptions.

■ The only question raised which is reviewable upon the record, is the overruling of demurrers to Count One of the indictment on which the defendant was tried.

This count reads: "The Grand Jury of said county charge that, before the finding of this indictment, William C. Williams, alias Willie Williams, who was then and there a convict sentenced to imprisonment for life for robbery from the Circuit Court of Mobile County, Alabama, to-wit: the thirtieth day of May, 1934, while said sentence was yet in force against him, unlawfully and with malice aforethought killed J. T. Moser by shooting him with a pistol."

The aim of this count is to bring the case within Code, § 4459, which reads: "Any convict sentenced to imprisonment for life, who commits murder in the first degree, while such sentence remains in force against him, must, on conviction, suffer death."

A life convict could suffer no punishment for first degree murder committed while such convict is serving such sentence if he were merely sentenced for life for that offense. Hence, this statute.

■ Appellant's criticism is first directed to the form of expression in this count. Isolating the phrase "for robbery from the Circuit Court," it is argued this charges a "robbery from the court," an offense unknown to the law.

We think the point not well taken.

Construing the language as a whole the count charges clearly enough that the accused was a convict sentenced from the Circuit Court of Mobile County to imprisonment for life for the crime of robbery.

■ It is further insisted this charge of being a life convict at the time when he is accused of murder in the first degree should not appear in the indictment to go to the jury, nor evidence in support thereof presented to the jury because of bias or prejudice aroused in the minds of the jury. It is suggested this matter should be brought to the attention of the court alone, and if found to be true, the jury be instructed to inflict the death penalty if found guilty of murder in the first degree. This suggestion should be addressed to the Legislature rather than the courts.

■ The burden is on the state to aver and prove the facts which bring the case within Section 4459, supra. The defendant is entitled to controvert them. For example he may show he was no longer a convict because of a previous pardon, or may question his identity with the person sentenced to life imprisonment.

That the facts in this regard should appear in the indictment, and the evidence of same submitted to the jury along with the other evidence is settled by our former decisions. Williams v. State, 130 Ala. 31, 30 So. 336; Johnson v. State, 183 Ala. 79, 63 So. 163; Bailey v. State, 211 Ala. 667, 101 So. 546.

The same point here made was raised in the Williams case, supra, by motion to strike such count.

Finding no error in the record, the judgment must be affirmed.

The date for the execution of the sentence of the law having passed, it is ordered that Friday, the 31st day of May, 1940, be and is set for the execution of such sentence.

Affirmed.

All the Justices concur.