17 So.2d 777

**YATES v. STATE.**

7 Div. 787.

Supreme Court of Alabama.
April 29, 1944.

Charles Douglass, of Anniston, for the petition.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., opposed.

FOSTER, Justice.

In this case petitioner complains that on his conviction under section 98, Title 29, Code of 1940, he was sentenced for a hard labor term which exceeds the maximum prescribed by section 99, Title 29, Code, for a first offender: that the indictment did not charge as for a subsequent offense, and that he had no opportunity to be heard on that question in violation of Article 1, section 6, Constitution of Alabama.

We have in this State more than one statute which provides for a greater punishment on a second conviction for the same sort of offense. Section 16, Title 14, Code of 1940; section 331, Title 15; section 99, Title 29; section 275, Title 14; section 319, Title 14, Code. There may be others which we have not observed.

It will be noted that the punishment of a second or third offender under section 16, Title 14, and section 275, Title 14, supra, may be by an increased fine as well as an increased hard labor sentence. The punishment under section 99, Title 29, Code, here involved, does not provide for an increased fine for the second or third offense, but only for an increased hard labor sentence. Section 319, supra, provides for the death sentence as the only punishment for first degree murder · by a life convict.

Section 331, Title 15, Code, does not enlarge the maximum or minimum punishment as fixed by law but enjoins on the trial judge within the limits prescribed as to each offense, a duty to be proportionately severe in exercising his discretion.

When the punishment is fixed by the jury trying the case as provided by law, as in section 335, Title 15, Code, it is done in the verdict which finds defendant guilty. It would be necessary for the issue to be submitted to the jury as to whether, if guilty, it was a second or third offense, and that could be done only by an allegation to that effect in the indictment or information, and proof on the trial. Carson v. State, 108 Ala. 35, 19 So. 32.

But our inquiry is as to the status of the law, where there is no increase of the limits to be imposed by the jury, but the increase refers only to the addition of punishment fixed by the judge. It is held in many states to be necessary for the indictment to make the issue for a jury finding, if it is considered at all, and though the judge fixes the punishment, unless a statute prescribes a different course. 25 Am. Jur. 272, section 26; 139 A.L.R. 689; 132 A.L.R. 107; 116 A.L.R. 299; 82 A.L.R. 365; 58 A.L.R. 64.

To make a charge of murder in the first degree by a life convict under section 319, Title 14, Code, it has long been held "that the facts in this regard should appear in the indictment, and the evidence of same submitted to the jury along· with the other evidence." Williams v. State, 239 Ala. 296, 195 So. 213, 214; Williams v. State, 130 Ala. 31, 30 So. 336.

In the case of Cross v. State, 78 Ala. 430, the defendant was indicted for adultery under what is now section 16, Title 14, supra. The indictment did not, we infer, refer to it being a second offense. The court tried without a jury and fixed a fine not permissible for a first offender, announcing that it was a second offense. There was introduced on the trial a judgment of guilt of a former offense without introducing the indictment on which it was founded. The Supreme Court reversed because the judgment was not sufficient evidence of the former conviction without the indictment, but made no reference to the terms of the pending indictment in that respect.

It will be observed that in section 99, Title 29, supra, the trial court has the discretion to add jail imprisonment or hard labor for not more than six months for the first conviction; and on the second conviction "the offense shall, in addition to the fine * * * be punishable by imprisonment at hard labor (jail imprisonment omitted) * * * for not less than three months nor more than six months to be imposed by the court or judge trying the case; and, on the third and every subsequent conviction * * *, the offense shall, in addition to the fine * * * be punishable * * * at hard labor for the county for not less than six months nor more than twelve months." There is no increase in the limits of the fine for a subsequent offense.

Section 119, Title 29, Code, provides the formal terms which may be used in an indictment or complaint to describe the offense punishable by section 99, Title 29, supra. With reference to a second or sub-

sequent offense it is that "it shall be sufficient briefly to allege such conviction."

Those provisions of our statute came before this Court in Johnson v. State, 222 Ala. 90, 130 So. 777, in which it was in substance held, as we understand its effect, that the trial court has a discretion under section 4622, in connection with section 4644, Code of 1923, whether or not to impose any additional punishment within the increased limits there provided for a second or any subsequent conviction unless such conviction is made an issue by so alleging in the indictment, as provided in section 4644, Code, supra, when it becomes triable by the jury and on conviction by the jury the added punishment within the maximum limits as thus increased becomes mandatory, to be imposed by the judge and not the jury.

■ Those provisions of the law as so construed became sections 99 and 119, Title 29, supra, respectively. The amendment by September 6, 1927 (Acts 1927, p. 714) merely added a further maximum for a third or subsequent conviction thereby enlarging section 4622, Code of 1923. That Act was not mentioned in the Johnson case, supra, though it had been enacted. The amendment did not affect the question discussed. That was the only difference between section 4622, Code of 1923, and section 99, Title 29, Code of 1940. The construction placed upon it therefore became a feature of the statute as it was reenacted in the Code of 1940.

The question came before the Court of Appeals in Willingham v. State, 10 Ala. App. 161, 64 So. 544, in which it does not appear that the indictment contained the allegation that it was a second offense. The court held that proof of a former conviction was not permissible, but that after conviction the court had a right to investigate the question of a prior conviction and fix the punishment, if it was a second or subsequent conviction for not less than three nor more than six months. This was under the Act of August 9, 1909 (page 8 at page 10). The Fuller Bill, approved August 25, 1909 (page 63, section 29½), is the basis of what is now section 119, Title 29, supra, but was not referred to in the Willingham case, supra, by the Court of Appeals.

The question was also considered by the Court of Appeals in Schroeder v. State, 17 Ala.App. 246, 84 So. 309; Lyles v. State, 18 Ala.App. 62, 88 So. 375; Mitchell v. State, 22 Ala.App. 300, 115 So. 149. They were not reviewed on certiorari, and not referred to in Johnson v. State, supra, by this Court.

The Court of Appeals again in Robertson v. State, 29 Ala.App. 399, 197 So. 73, held that the fact of former conviction had no place pending the actual trial, and that it was reversible to inject that issue in the trial. Again the indictment did not contain such allegation. The opinion did not refer to our Johnson case, supra, and certiorari was denied, 197 So. 75.

■ Those cases, except Mitchell v. State, supra, deal with an indictment which does not contain such an allegation, and do not conflict with our Johnson case, supra. Substantially all our cases seem to agree that when the indictment or complaint does not contain the statutory allegation as to a second or subsequent conviction, no issue is made for the jury and no evidence of it is proper on the trial. We accept that as settled in this State. It is then discretionary with the trial judge whether to impose additional punishment and to make inquiry into that question in a supplementary manner in order to apply the increased limits. Such supplementary proceeding is in some states provided by law including the required procedure, in which sometimes a jury trial is required to find the fact of such second or subsequent conviction. Those statutes provide for notice to defendant and formal trial, and require that the record shall show an observance of its essentials. For a discussion of the subject, see 25 Am.Jur. 270, 271, sections 23 and 24; 24 Corpus Juris Secundum, Criminal Law, § 1969, p. 1166.

■■ Under our statute as interpreted in the Johnson case, supra, when there is an averment as to a former conviction in the indictment or complaint, it becomes an issue in the case, and evidence of it on the trial is necessary for it to have operation. A general verdict of guilt would justify application of the increased limits by the judge in imposing additional punishment. If the jury convicts the defendant as for a lesser offense, the verdict should so specify, and the judge would have no power to add the maximum as for a subsequent offense. When there is no averment in the indictment or complaint as to the former conviction, as we have noted, it is discretionary with the trial judge whether he will inquire into that matter and impose the

more severe sentence. An exercise of that discretion as to that inquiry (we take this occasion to say) ought to be conducted upon a hearing, full and open, in which the defendant should be present and represented by counsel, if he desires, 25 Am.Jur. 271, section 24; 24 Corpus Juris Secundum, Criminal Law, § 1969, p. 1167, subsec. b, p. 1168, subsec. c, and it should be tried and reported as any other feature of the trial.

In the case of Robertson v. State, supra, and in the instant case, it appears that the judge imposed a sentence not authorized for a conviction of a first offender, and nothing appears as to any supplementary proceeding and nothing is shown in the judgment entry or otherwise that the court ascertained that he was a subsequent offender, but they proceed on the idea that if the record is silent on the subject, we should presume that the rudimentary requirements of fair play on the supplementary proceeding were complied with. But appellant and petitioner here insists that the record should show a compliance with Article 1, section 6, Constitution of Alabama; that he have a copy of the accusation, be confronted by witnesses and represented by counsel.

In a supplementary matter of this kind on appeal, we think the Court of Appeals correctly held that we should presume regularity in the absence of a showing to the contrary. See, 24 Corpus Juris Secundum, Criminal Law, § 1858, p. 739, notes 22, et seq., page 740, note 30; 7 Ala. Dig. p. 235 (Criminal Law) ⊜1144.

The defendant feeling aggrieved at the manner in which a supplementary proceeding on this subject was conducted should include the details of that proceeding in his bill of exceptions (or stenographic report of the case under the recent statute), take due exception to the action of the court in imposing the added punishment and to the rulings on that hearing, and have it all reviewed on appeal. In the absence of any such exception on that hearing so set out in the record, there is nothing to review, and we cannot reverse for any supposed failure to observe defendant's legal or constitutional rights. We will presume that defendant was satisfied with the proceeding unless the contrary appears by reason of some action taken by him at the time of such sentence. If defendant had no opportunity to be heard on such proceeding, a motion could be made and heard on proof and in that manner a record could be made and exception noted. But as this record stands, the judgment must be affirmed.

Certiorari denied. .

GARDNER, C. J., and THOMAS, BOULDIN, BROWN, LIVINGSTON, and STAKELY, JJ., concur.