46 So.2d 581

## WALKER v. STATE.

### 6 Div. 956.

Court of Appeals of Alabama.

May 23, 1950.

P. A. Nash, of Oneonta, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution originated in the County Court of Blount County on an affidavit and warrant wherein he was charged with the offense of violating the prohibition law, in that he had whiskey in his possession. From a judgment of conviction in the county court an appeal was taken to the circuit court, and no jury having been demanded was tried by the court without a jury upon a Solicitor's complaint. The court found him guilty as charged and entered judgment of conviction accordingly.

The question of the sufficiency of the evidence was not raised upon the trial below in any manner.

The only point of decision presented for review is the action of the court in overruling and denying the defendant's motion which appears in the record. Said motion is as follows:

"Now comes the defendant in the above style cause and moves the Court to strike from the complaint filed in said cause on the 8 day of August, 1949, the following, to-wit: 'and the State of Alabama, by its Solicitor, further charges that the said Dan Walker, alias Daniel Walker was convicted of the offense of violating the prohibition in the county court of Blount County, Alabama on June 1, 1942 and was also convicted of the same offense in the same court on March 18, 1943 in case number 7037 and 8026 respectively' and as grounds of motion assigns, separately and severally, the following, to-wit:

"1. Because said averment is a departure from the original complaint filed in the County Court in said cause.

"2. Because said portion of said complaint hereinabove set out was not in the original or amended complaint filed in the County Court of Blount County, from which the appeal in this cause was taken."

In appellant's brief this question is argued at length, but without any citation of authorities.

This proposition needs no extended discussion, as the following authorities are a complete answer to appellant's insistence in this connection. Johnson v. State, 222 Ala. 90, 130 So. 777; Rogers v. State, 34 Ala.App. 617, 42 So.2d 642; Yates v. State, 245 Ala. 490, 17 So.2d 777; Brown v. State, 206 Ala. 546, 90 So. 278.

Affirmed.