62 So.2d 608

## ROBINSON v. STATE.
### 8 Div. 118.

Court of Appeals of Alabama.
Jan. 13, 1953.

Bryse U. Graham, Tuscumbia, for appellant.

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of driving a vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, etc., in violation of Section 3, Title 36, Code 1940.

This statute provides, as punishment for its violation on a second or subsequent conviction, for an increased fine or increased imprisonment, *or both*.

In this case the penalty imposed, by both fine and imprisonment, was the maximum provided under such section for a second or subsequent conviction.

On the cross examination of defendant, the Solicitor was permitted to prove, over objection and exception, that defendant had previously been convicted of "reckless driving" at a different time and place and in no way connected with the charge in this indictment. In overruling defendant's objection to this testimony, the court stated:

"I overrule the objection, and as grounds for overruling it is that the law as to the punishment for the first offense is different

as to the punishment for the second offense for the same thing, and the State has a right to prove whether or not the defendant has committed other such offenses, but it will be up to the jury to determine whether or not the State has met that burden of proof, so I overrule the objection." The defendant excepted.

In the case of Yates v. State, 245 Ala. 490, 17 So.2d 777, 778, the Supreme Court held:

"When the punishment is fixed by the jury trying the case as provided by law, as in section 335, Title 15, Code, it is done in the verdict which finds defendant guilty. It would be necessary for the issue to be submitted to the jury as to whether, if guilty, it was a second or third offense, and that could be done only by an allegation to that effect in the indictment or information, and proof on the trial. Carson v. State, 108 Ala. 35, 19 So. 32."

As stated, the statute provides, on a second or subsequent conviction, for an increased fine, which, under Section 335, Title 15, Code, could only be assessed by the jury.

The indictment containing no allegation as to a prior conviction, under the holding in the Yates case, supra, evidence of such prior conviction was improperly admitted.

Reversed and remanded.