44 So.2d 795

**STEEL v. STATE.**

**7 Div. 26.**

Court of Appeals of Alabama.

Feb. 28, 1950.

Hugh Reed, Jr., Centre, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

In the matter of the trial court's action in overruling defendant's motion for a continuance no error appears. A question of this character rests within the sound discretion of the trial court. No abuse of said discretion appears here.

The controlling question involved upon the trial of this case in the court below is a question of fact pure and simple. The State's evidence consisted of the testimony of the Sheriff of the county, and also one of his deputies. This evidence was to the effect that they saw this appellant with whiskey in his possession, and gave full details as to such unlawful possession. The defendant claimed the whiskey was never in his possession, and that it belonged to another person designating him by name. The evidence as to the possession of said whiskey, and contra, consisted only of the testimony of the above three witnesses. The conflict in the evidence made a question for the jury to consider and determine, hence there was no error in the court's action in refusing to defendant the affirmative charge requested in writing.

The further insistence is made that the trial court committed reversible error in allowing the State to aver, and prove, that this appellant had formerly been convicted of the offense of violating the prohibition laws, and in support of this insistence relies upon the case of Mitchell v. State, 22 Ala.App. 300, 115 So. 149, which so holds. But it appears that later decisions of this court and of the Supreme Court declare the correct rule to be, where the indictment or affidavit filed in prosecutions for violating the prohibition law recited that the defendant had theretofore been convicted of a similar offense, evidence of prior conviction, if any, for violating the prohibition law was admissible. Rogers v. State, Ala. App., 42 So.2d 642;[1] Yates v. State, 245 Ala. 490, 17 So.2d 777; Brown v. State, 206 Ala. 546, 90 So. 278.

We would not be justified in placing the trial court in error because of the alleged unseemly utterances of the court in the oral charge to the jury as insisted by appellant's counsel. An oral charge to the jury should be free from facetiousness or any other utterances calculated to "belittle" or "discredit" the defendant. The charge should be fair and impartial, clear and implicit. See our case of Coats v. State, 34 Ala.App. 577, 42 So.2d 591; certiorari denied, 252 Ala. 666, 42 So.2d 593.

Affirmed.