109 So.2d 309

Venus MOTT

v.

STATE.

6 Div. 627.

Court of Appeals of Alabama.

Feb. 17, 1959.

R. H. MacLaurin, T. K. Selman and Thomas Leon Beaird, Jasper, for appellant.

John Patterson, Atty. Gen., and Robt. C. Dillon, Asst. Atty. Gen., for the State.

CATES, Judge.

Mott, relapsing after at least two former convictions, has suffered a verdict of guilt in violating the law against possessing prohibited liquors (Code 1940, T. 29, § 98). A supplemental count accused him of prior convictions. This particular offense was abundantly proved to have occurred on May 30, 1957, in Walker County, Alabama. He was first tried in the county court and then de novo in the Walker Circuit Court, and stands before us on appeal under a judgment finding him guilty in accordance with the verdict and with six months' hard labor for the county prescribed by the trial judge as his punishment.

The unabridged transcript of testimony occupies some 220 pages of transcript paper and represents a great proliferation of the trial of collateral issues and extreme patience on the part of the trial judge in permitting wide latitude in examination and cross-examination.

The tendencies of the State's evidence were that about thirty or forty-five minutes after noon of the day in question, Mott, driving a 1957 Ford, came over a rise on a side road in Walker County, and was recognized by two deputy sheriffs traveling in the opposite direction in a 1939 Ford. The deputies, apparently because Mott was coming from the direction of the residence of another liquor law violator, turned around and came back.

As they came back over the hill, they saw Mott out of his car on the side of the road

in the act of tossing a clear glass jug described as a "coca cola jug" over into a wooded and brushy area.

As they drew up, one of the deputies got out, but failed to intercept Mott before he jumped back into his car, and, having started the engine, proceeded to side swipe (though the record is sparse as to the extent of this contact) the 1939 Ford. The deputy then proceeded to fire at the fleeing car, putting a bullet through the rear trunk.

There followed an unsuccessful pursuit of some three or four miles, and then the two deputies came back to the scene of Mott's throwing the jug across the ditch, and there discovered what was testified to as, in their best judgment, the same coca cola jug which both men testified contained wildcat whiskey.

It is complained, first, that this is not sufficient evidence to sustain the charge. Admittedly, the evidence in this case does not furnish irrefutable circumstances of the jug containing whiskey when it was thrown across the ditch. Thus, in Roughton v. State, 38 Ala.App. 17, 77 So.2d 666, when the whiskey was pitched out of the fleeing automobile, there was immediately a telltale odor. Here the State's evidence presents no such clue as to the contents of the jug which the officers saw Mott hurling away.

The question of the sufficiency of proof here then devolves into one of opportunity, i. e., whether or not the neighborhood was such that it could be reasonably expected that some one else had come along and had deposited the offending jug in the interim taken up by the officers' chase of Mott's car.

In view of the very short interval, that is, the time required to travel some six or eight miles, the evidence that the area was relatively deserted along a little traveled road, and the testimony that the jug found was the jug thrown by Mott, we think that the question of opportunity in this instance is within the province of the jury. Moreover, objects at the place of the offense come in evidence as indicated in Busbee v. State, 36 Ala.App. 701, 63 So.2d 290.

■ Appellant's principal argument in brief is against the admission of testimony of his conviction of prior offenses. Among the statements elicited from him were those of his conviction in a municipal court. The phraseology of the questions asked was such that it is not clear whether these convictions were for violations of municipal ordinances or of the State statutes.

The trial judge removed any error by excluding all of the evidence relating to other convictions at the close of the case, and fixed the hard labor punishment at six months, the maximum allowable for a first conviction under § 98, supra, as prescribed by the following § 99, so that the fact that the violations might have been for breach of a municipal ordinance rather than of § 98 is harmless error.

Moreover, we see no prejudice to the appellant when the court excluded this testimony, since we cannot say that the jury's hearing the testimony in the first place makes an ineradicably prejudicial impression, Smith v. State, 36 Ala.App. 646, 62 So. 2d 473; Yates v. State, 245 Ala. 490, 17 So. 2d 777. Mitchell v. State, 22 Ala.App. 300, 115 So. 149, cited by Mott, appears to have been overruled on this point—or at least "distinguished to death." See Steel v. State, 35 Ala.App. 163, 44 So.2d 795.

We have reviewed the entire record, as is our duty, and find that it is free of any error to the probable injury of any substantial rights of the appellant. Accordingly, the judgment below is due to be

Affirmed.