318 So.2d 762

**Mamie Delores FUNCHES**

**v.**

**STATE.**

**1 Div. 581.**

Court of Criminal Appeals of Alabama.

June 17, 1975.

Rehearing Denied July 29, 1975.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., for the State.

HARRIS, Judge.

Appellant was put to trial upon a two-count indictment charging, (1) possession of heroin, and (2) possession of cocaine. She was represented throughout the trial by retained counsel who represents her on this appeal. At arraignment she pleaded not guilty.

At the conclusion of the case, the court charged out count two (2) of the indictment. Count 1, omitting the formal parts, reads as follows:

"The GRAND JURY of said County charge, that, before the finding of this indictment MAMIE DELORES FUNCHES whose name is to the Grand Jury otherwise unknown than as stated, did unlawfully possess heroin on to-wit: August 3, 1973, and that said Mamie Delores Funches has heretofore been convicted of an offense under the Uniform Alabama Controlled Substances Act on, to-wit; March 28, 1973 against the peace and dignity of the State of Alabama."

This is another search warrant case. For a better understanding of the issues involved on this appeal we deem it necessary to set out the affidavit and search warrant:

"AFFIDAVIT FOR SEARCH WARRANT                    0158

"STATE OF ALABAMA  ⎱
 COUNTY OF MOBILE  ⎰

DOCKET NO. ———

CASE NO. ———

"Before me, the undersigned Municipal Judge of the City of Mobile, Alabama, personally appeared Walter Pickett who being duly sworn deposes and says:

"That he has reason to believe that on the premises known as 652 Rickarby Street, in the City of Mobile, Alabama, or its police jurisdiction, there is now being concealed certain property, namely heroin and other narcotic drugs, which are illegally kept used and/or sold, and that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows:

"I am Officer Walter Picket (sic) of the Mobile, Alabama Police Department, assigned to Criminal Investigation Division, presently working with drug violations.

"Yesterday I talked with a reliable informant. This informant has given me reliable information in the past, which information led to arrests and convictions of drug abusers.

"This informant told me that he had been inside the above listed residence within the past three days and had while there observed the above drug inside this residence and in the possession of a subject known to the in-

formant as 'Bonnie'. The informant knows this subject to be the occupant of the above residence.

"/s/ Walter Pickett
Signature of Affiant

Official Title, if any

"Sworn to and subscribed before me, this 26th day of July, 1973.

"/s/ T. Dwight Reid
Judge of Municipal Court
City of Mobile, Alabama

"1. A search warrant must be served in the daytime unless the affidavit states positively that the property is on the person or place to be searched, in which case it may be served at any time.

"SEARCH WARRANT                                                    0158

"STATE OF ALABAMA ⎱
COUNTY OF MOBILE ⎰

DOCKET NO. _____
CASE NO. _____

"TO THE CHIEF OF POLICE OF THE CITY
OF MOBILE, ALABAMA OR OTHER
LAW ENFORCEMENT OFFICER OF THE CITY OF MOBILE
OR STATE OF ALABAMA

"Affidavit having been made before me by Walter Pickett that he has reason to believe that on the premises known as 652 Rickarby Street, in the City of Mobile, Alabama, or its police jurisdiction, there is now being concealed certain property, namely heroin and other narcotic drugs, which are illegally kept used and/or sold, and as I am satisfied that there is probable cause to believe that the property so described is being concealed on the premises above described and that the foregoing grounds for application for issuance of the search warrant exist.

"You are hereby commanded (sic) to search forthwith the place named for the property specified, serving this warrant and making the search in the daytime and if the property be found there to seize it, leaving a copy of this warrant and a receipt for the property taken, and prepare a written inventory of the property seized and return this warrant and bring the property before me forthwith at the Municipal Court of the City of Mobile.

"Witness my hand this 26th day of July, 1973.

"/s/ T. Dwight Reid
Judge of Municipal Court
City of Mobile, Alabama

"1. A search warrant must be served in the daytime unless the affidavit states positively that the property is on the person or place to be searched, in which case it may be served at any time.

"RETURN

"I received the attached search warrant 7–26, 1973, and have executed it as follows:

"On 8–3, 1973 at 9 o'clock 00 A. M., I searched (the person) (the premises) described in the warrant and I left a copy of the warrant with <u>Mamia</u> (sic) Funches together with a receipt for the items seized.

"The following is an inventory of property taken pursuant to the warrant:

"1 Ea. Pink Balloon containing 8 capsules with brown substance.

"This inventory was made in the presence of Sgt. J. Orso and Off. W. Pickett.

"I swear that this Inventory is a true and detailed account of all the property taken by me on the warrant.

"/s/ <u>Walter Pickett</u>

"Subscribed and sworn to and returned before me this ‗‗‗‗‗ day ‗‗‗‗‗, 19‗‗.

"‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗."

---

Appellant filed a pre-trial motion to suppress the evidence and to controvert the legality of the search warrant. A fullblown hearing was had on this motion and considerable testimony was taken. At the conclusion of the hearing the court entered an order denying the motion to suppress.

The main thrust of the motion to suppress is grounded on the lack of probable cause for issuing the search warrant in that the affidavit was insufficient in failing to state with specificity, and corroborating evidence to establish, the reliability of affiant's unidentified informer and, too, the affidavit upon which the search warrant was issued was based upon hearsay and upon information and belief, failed to state the source of such information, and failed to set forth any facts upon which to base belief that there were narcotics on the described premises.

During this hearing appellant moved for a mistrial on the ground that the indictment specifically alleged that appellant had previously been convicted of an offense under the Uniform Alabama Controlled Substances Act on, to-wit: "and that said Mamie Delores Funches has heretofore been convicted of an offense under the Uniform Alabama Controlled Substances Act on, to-wit: March 28, 1973, etc.", on the ground that it would be advising the jury that she had previously been convicted of another offense and would be highly prejudicial in the trial of her case.

Title 22, Section 258(53), (a), (b), Code of Alabama 1940, provides as follows:

"Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term outherwise [otherwise] authorized, fined an amount up to twice that otherwise authorized, or both.

"For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs. (1971, No. 1407, p. 2397, § 407, appvd. Sept. 16, 1971.)"

Appellant had previously been convicted of unlawful possession of a controlled substance and was sentenced to five years imprisonment in the penitentiary. She appealed and this court affirmed the judgment of conviction. *Funches v. State,* 53 Ala.App. 330, 299 So.2d 771, *certiorari denied,* 293 Ala. 752, 299 So.2d 778.

In *Amerson v. State,* 40 Ala.App. 540, 117 So.2d 406, it is said:

"When there is an averment in the affidavit or indictment as to a former conviction for a like or similar offense, 'it becomes an issue in the case, and evidence of it on the trial is necessary for it to have operation.' *Yates v. State,* 245 Ala. 490, 17 So.2d 777, 779."

In order to make operative Title 22, Section 258(53)(a)(b), *supra,* evidence of a former conviction is not admissible unless it is alleged in the indictment and proof offered in support thereof. *Ex parte State ex rel. Davis,* 206 Ala. 546, 90 So. 278; *Steel v. State,* 35 Ala.App. 163, 44 So.2d 795. A certified copy of the previous judgment of conviction was made by the circuit clerk and introduced in evidence.

There was no error in overruling appellant's motion for a mistrial because of the averment of a previous conviction contained in the present indictment.

On the motion to suppress it developed by the testimony of Police Officer Walter Pickett that he got a call from an informer that he had some information for him and to meet him on Davis Avenue at Broad Street in the City of Mobile. This was on July 25, 1973. The informer told Pickett that he had been in the residence known as 652 Rickarby Street the day before (July 24, 1973) and had observed heroin in the possession of one "Bonnie", who resided at this address and that he was there by invitation. Pickett further testified that he considered his informer reliable as he had given him reliable information in the past

several months relating to drug cases (as well as other cases) and that the information so imparted to him led to the arrest and conviction in five or six drug cases. On cross-examination he was asked to give the names of the persons arrested and convicted and he did so. Based upon the information given him by his informer he prepared an affidavit and went before Judge T. Dwight Reid, Judge of the Municipal Court and secured a search warrant on the morning of July 26, 1973. He and another officer went to the address described in the warrant on five or six occasions in an attempt to execute the search warrant. It was not until August 3, 1973, that they were able to find appellant at home. The house had an iron door and was locked. There also were burglar bars all around the house. They did not attempt to tear the door down for fear that if appellant was lodged therein, she would have had time to destroy the contraband and the search would have proved fruitless.

Finally on August 3, 1973, they returned to appellant's address and parked about a half a block north of the residence. While parked they observed a boy go to appellant's residence and knock on the door. A woman opened the door and was talking to the boy. Officer Pickett and his partner, James Orso, drove their car in front of the residence and walked to the door while the woman was still talking to the boy. They identified themselves as police officers and told the woman they had a search warrant. They observed the wood door was open but the iron door was locked. After telling the woman they had a search warrant, she said, "just a minute" and went in the back of the house. She was gone 3 or 4 minutes and came back and unlocked the iron door and said, "okay, come on in."

Appellant took the stand for the limited purpose of testifying on the motion to suppress. She denied she was in possession of heroin either on July 24 or July 25, 1973.

The motion to suppress was overruled.

During the trial in chief, Officer Pickett testified that after appellant let them in the house, he went in the first bedroom and Officer Orso went directly to the bathroom where he heard water running. Officer Orso found two balloons in the commode and he retrieved both of them. One of the balloons was opened and he did not find anything in the opened one. He untied the other balloon and found eight (8) capsules. He called Officer Pickett and showed him the capsules. These capsules were placed in an envelope and turned over to Lieutenant McCarty on the same day. McCarty personally delivered the contents to Allilie Pillman, a laboratory technician in the State Department of Toxicology, who receipted for the envelope in the presence of Mr. Nelson Grubb, the toxicologist in charge of the Mobile Branch of the Department.

Pillman made a laboratory examination on the capsules under the direct supervision of Mr. Grubb and the capsules were found to be heroin with a trace of cocaine. These capsules were kept in the continuous possession of Pillman until they were produced in court and introduced in evidence. The pre-*Miranda* predicate was laid before the capsules were allowed in evidence.

After placing appellant under arrest she was given the *Miranda* rights and warnings and stated she knew her rights.

Appellant made an oral statement to the officers stating that she had bought eleven capsules the day before, "that she had used three of them for herself, that they were heroin."

At the conclusion of the state's case, appellant made a motion to exclude on the following grounds:

1. The state has failed to establish the corpus delicti of the offense charged.

2. The evidence has failed to establish a prima facie case.

3. As to Count 2, the evidence is totally lacking of any evidence of knowledge of possession of cocaine by the defendant.

The trial court overruled appellant's motion as to grounds 1 and 2, but granted the motion as to ground 3 and Count 2 was stricken from the indictment.

■ Appellant strenuously insists that the affidavit leading to the issuance of the search warrant is wholly insufficient to meet the test of both state and Federal cases.

The affidavit in this case is strikingly similar to the one approved by this court in *Funches v. State, supra; Russell v. State,* 53 Ala.App. 447, 301 So.2d 214; *Keller v. State,* 54 Ala.App. 127, 305 So.2d 402.

In this case the credibility of the informer was substantiated through prior successful and reliable information from which arrests and convictions were made and obtained. The informer was personally within appellant's home the day before he imparted to the officer that he saw heroin in appellant's possession. The informer knew the location where the heroin could be found and was personally acquainted with appellant.

We hold the affidavit in this case to be legally sufficient when tested by the standards laid down in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; *Clenney v. State,* 281 Ala. 9, 198 So.2d 293; *Myrick v. State,* 45 Ala.App. 162, 227 So.2d 448, and the cases cited herein.

We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none.

The judgment of conviction is affirmed.

Affirmed.

All the Judges concur.