318 So.2d 750

**Robert PITTS**

v.

**STATE.**

**5 Div. 293.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

———◆———

Michael A. Nix, Auburn, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was put to trial upon an indictment which, omitting the formal parts, reads as follows:

"The Grand Jury of said County charge that before the finding of this indictment ROBERT PITTS, ALIAS ROBERT PITTS, whose true christian name is otherwise unknown to the Grand Jury, on or about the 13th day of December, 1974, and subsequent to the effective date of the Alabama Uniform Controlled Substances Act, did unlawfully posses, (sic) Marihuana, a controleled (sic) substance, after having been previously convicted of possession of Marihuana, contrary to the provisions of the Alabama Uniform Controled (sic) Substances Act, against the peace and dignity of the State of Alabama."

Prior to arraignment the court ascertained that appellant was indigent and counsel was appointed to represent him at arraignment and throughout the trial below. He pleaded not guilty. After conviction he gave notice of appeal and he was furnished a free transcript and trial counsel was appointed to represent him on appeal.

On December 13, 1974, two Deputy Sheriffs of Lee County went to the home of appellant to serve a non-support warrant on him. His mother told the officers appellant was at home and he came to the door. The officers told him they had a warrant for his arrest for non-support. He told the officer he had signed a bond on that charge that morning. The officers asked him to come with them to the patrol car so that they could radio in and verify his statement. They radioed police headquarters but were unable to verify that appellant had made bond on the non-support charge and appellant was then arrested and he resisted arrest. He was finally arrested, handcuffed and put in the patrol car and carried to the station house. They made him put both hands on the counter at the book-in desk and upon being searched, one of the officers found a partially burned hand-wrapped cigarette in the left pocket of a jacket he was wearing. This cigarette was placed in a manila envelope and sealed. Deputy Sheriff Robert Taunton was the officer who found the cigarette. After placing it in the envelope he put his initials on the seal and turned it over to Deputy Sheriff L. C. Thomas who locked the envelope in the evidence locker and later personally delivered it to Dr. John R. McDuffy at the laboratory of the Department of Toxicology in Auburn, Alabama.

Dr. McDuffy, whose qualifications were admitted by defense counsel, conducted a chemical analysis on the contents of the envelope and found the substance to be marihuana. He resealed the envelope, put his initials on it and kept it in his possession until he brought it to court during appellant's trial. The envelope was properly identified and introduced in evidence over the objections of appellant that there was a missing link in the custody of the cigarette in question.

To prove appellant's prior conviction for possession of marihuana the state called the circuit clerk of Lee County, who was ex-officio clerk of the District Court of Lee County (formally the Court of Common Pleas of Lee County). The clerk

brought the original and official court docket of that court which stated:

"On November 5, 1973, on hearing the evidence in this case, the court is satisfied of the guilt of the defendant and hereby awards the following punishment: $100.00 fine and the cost of this proceeding. C. S. Whittelsey, Judge."

From the record:

"THE COURT: Are you introducing this, with leave to withdraw—

MR. MYERS: Yes. We would introduce the official docket sheet from that date, Your Honor, with leave to withdraw.

THE COURT: Very well.

Now, let the record show that this is the original docket sheet of the Court of Common Pleas of Lee County, Alabama, in Case No. 2614–M, and the State has introduced it as evidence in this case but the Court knows that this is the original so the Court will grant permission for the State to withdraw this original docket sheet and substitute in lieu thereof, a photostatic copy, which you can make, can't you, Mr. Smith?

THE WITNESS: Yes, sir.

THE COURT: And put a photostatic copy in the file?

THE WITNESS: Yes, sir.

MR. MYERS: That would be perfectly satisfactory with the State.

MR. NIX: That's fine, Your Honor.

(Thereupon, the instrument hereinabove referred to was marked as 'State's Exhibit Number Two,' and was received into evidence.)"

The admission into evidence of the above docket sheet was agreed to by counsel for appellant.

Appellant testified in his behalf and denied that he had a partially smoked handwrapped cigarette in his pocket prior to being carried to police headquarters on the night of December 13, 1974. He admitted that the officers removed the described cigarette from his clothing but he did not know how it got in his pocket. He further testified that the jacket he was wearing belonged to a friend of his and he had borrowed it and did not know it contained a hand-wrapped cigarette as claimed by the officers.

Appellant's counsel moved to exclude the state's evidence on the ground the state failed to make out a prima facie case, and, also there was a missing link in the chain of custody. The motion was overruled.

■ The docket sheet was shown to be the only book of record of the Lee County Court of Common Pleas, and the one in which the final record of judgments in that court was kept. The Court of Common Pleas of Lee County was not a court of record. Not being a court of record the method used by the state in proving appellant's prior conviction for possession of marihuana was permissible. *Gandy v. State*, 86 Ala. 20, 5 So. 420.

In *Lockhart v. State*, 34 Ala.App. 297, 39 So.2d 40, this court held:

"A minute entry constitutes the final record of a judgment. It cannot, in a court of record, be impeached or aided by the judge's bench notes, or memoranda, which operate only as a direction to the clerk as to what judgments and orders shall be entered on the court's records. *Calvert v. State*, 26 Ala.App. 189, 155 So. 389. While a County Court is ordinarily not a court of record and its judicial acts are not required to be formally recorded or enrolled, nevertheless if a transcript of the proceedings in a County Court contain a formal judgment or minute entry, we see no reason why the same principles applicable to judgments of a court of record should not also apply to such formal judgments duly entered by the County Court."

■ The evidence as to the custody and possession of the envelope and its contents

sufficiently established there was no missing link in the chain of identification. The identification and continuity of possession were sufficiently shown, affording ample assurance of the authenticity of the envelope and its contents and the analysis conducted by the toxicologist. *Powell v. State*, 47 Ala.App. 582, 258 So.2d 923; *Green v. State*, 42 Ala.App. 439, 167 So.2d 694; *Dennison v. State*, 259 Ala. 424, 66 So.2d 552; *Oury v. State*, Ala.App., 298 So.2d 661.

Appellant was originally sentenced to fifteen years in the penitentiary, but the trial court, within time, reduced the sentence to ten years.

This court received a letter from appellant's counsel stating, in part, "I have thoroughly and conscientiously studied the transcript of Mr. Pitts' trial in the Lee County Court. On the basis of my search, I find no error in his trial. I therefore send this to you as a letter of no merit."

We are in full accord with the letter from appellant's counsel. Accordingly, the judgment of conviction is affirmed.

Affirmed.

All the Judges concur.