On an indictment charging that appellant, Damon Shelton Napier, did unlawfully give away heroin to Steven Wayne Rhodes, and that said Damon Shelton Napier has heretofore been convicted of an offense under the Uniform Alabama Controlled Substances Act, on, to-wit: February 24, 1976, the appellant was convicted and sentenced to twenty-five years imprisonment in the penitentiary.
This cause was submitted to this Court on briefs. Appellant was at all proceedings in *Page 1237 
the lower court represented by counsel of his choice, and is here represented by court appointed counsel.
Counsel for appellant argues that the trial court erred in overruling his objection to the following wording in the indictment: "and that said Damon Shelton Napier has heretofore been convicted of an offense under the Uniform Alabama Controlled Substances Act, on to-wit: February 24, 1976". The way to raise the question as to the proper wording of an indictment is by demurrer. The record in this case fails to show a demurrer to the indictment, but does show that appellant was in open court, attended by counsel, waived reading of the indictment, and entered a plea of not guilty. The appellant was not prejudiced by the overruling of his objection to the wording of the indictment, because his objection to the wording of the indictment was obviously without merit. Uniform Alabama Controlled Substances Act provides as follows:
 "Sec. 258 (53). Second or subsequent offenses. —
(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term outherwise (otherwise) authorized, fined an amount up to twice that otherwise authorized, or both.
 (b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs. (1971, No. 1407, p. 2397, Sec. 407, appvd. Sept. 16, 1971.)"
We hold that it is proper for an indictment for an offense in violation of the Uniform Alabama Controlled Substances Act to contain the averment that the defendant has heretofore been convicted of an offense under the act. Title 22, Sec. 258 (53)of the Code of Alabama, supra; Mamie Delores Funches v. State,56 Ala. App. 22, 318 So.2d 762; certiorari denied, 294 Ala. 757,318 So.2d 768.
Appellant also contends that the court erred in refusing to grant his motion to exclude all the evidence. This motion was made by appellant at the close of the state's case. The state had introduced evidence of five witnesses namely: Stephen Wayne Rhodes; Officer Diegan; James L. Small, State Toxicologist; Ronnie Quarles; and his wife, Deborah Quarles. Mr. and Mrs. Quarles had testified that they went to Mexico with appellant and that appellant bought heroin in Mexico. From their testimony, if believed, they had assisted the appellant in securing the heroin in Mexico and bringing it into the United States and to Mobile, Alabama. The witness, Stephen Wayne Rhodes, testified in substance that the appellant had the heroin in the kitchen of a house in Mobile, Alabama, in which witness had a room. That appellant mixed the heroin with dextrose and placed some of it in a tin foil package and gave it to the witness. On the next day Rhodes gave the package to Mr. Quarles and went with him and saw him give it to Officer Diegan. There is no evidence in the record that Rhodes had anything to do with the heroin except to take it from appellant and deliver it to Mr. Quarles to give to the police officer Diegan. The proper way to determine if a witness is an accomplice is, could the witness have been indicted and convicted of the offense charged either as principal or accessory. If he could not, he is not an accomplice. GuywardWayne Miller v. State of Alabama, 290 Ala. 248, 275 So.2d 675.
We hold that the witness Rhodes is not shown by the facts in the record to be an accomplice, and that his evidence together with the other evidence offered by the state, if believed by the jury, is sufficient to sustain the jury verdict finding the appellant guilty as charged in the indictment. The court did not err in overruling appellant's motion to exclude the evidence.
Next the appellant contends that the court erred in overruling his objection to the introduction of State's Exhibit 2. In the record we find the following: *Page 1238 
 "MR. HUGHES: At this time I would offer State's Exhibit 2 in evidence.
MR. STEPHENS: I would object Your Honor. It has not
 been proven that what's in that little piece of tinfoil is in fact heroin.
 MR. HUGHES: I think that Mr. Small testified that it was heroin and that he got it from Mr. Diegan and Mr. Diegan got it from Mr. Quarles and that Mr. Quarles got it from Stephen Rhodes.
THE COURT: Overrule the objection.
(State's Exhibit 2 was placed in evidence.)"
There is evidence in the record before us that appellant gave the substance contained in State's Exhibit No. 2 to the witness Rhodes, that Rhodes did nothing to change it and gave it to witness Quarles, that Quarles did nothing to change it and gave it to Deputy Diegan, that Deputy Diegan did nothing to it to change it and gave it to Jim Small, a State Toxicologist. Jim Small testified that the substance contained in State's Exhibit 2 was 36% heroin, a controlled substance. There was no objection to any of the testimony of witness Small.
We hold that under the facts the trial court did not err in overruling the appellant's objection to the introduction in evidence of State's Exhibit 2.
The appellant contends that the trial court erred in admitting evidence of his prior conviction when the prior conviction is still on appeal. In the record we find that State's Exhibit 3 is a certified copy of a judgment of the Circuit Court of Mobile County showing that Damon Shelton Napier was, on February 24, 1976, found guilty of possession of narcotics, was sentenced for five (5) years imprisonment and assessed a fine of $25,000.00, that notice of appeal was given, that in open court the defendant's attorney was present. The appellant testified in his behalf and on direct examination stated that just last month he was convicted for embezzlement, just prior to that he was convicted of possession of narcotics, that there was a gun case and he was sentenced to two years, as ex-felon in possession of firearms. Nowhere in the record do we find an objection to the introduction of State's Exhibit No. 3. Of course, the appellant could not complain of evidence brought forward by him. We find no evidence in the record that an appeal of appellant's former conviction was pending.
A former conviction of a person for an offense against the law may be proven by a certified copy of the judgment of the former conviction and, when necessary, a certified copy of the indictment or complaint in the former case, and proof that the person on trial and the person named in the certified judgment is one and the same person, or by the admission of the defendant. Evidence of such former conviction is admissible under an indictment charging a former conviction as in this case. Mamie Delores Funches v. State, supra; Rogers v. State,34 Ala. App. 617, 42 So.2d 642; Robert Pitts v. State,56 Ala. App. 10, 318 So.2d 750; Anderson Hunter, alias v. State, Court Of Criminal Appeals, 1976, 331 So.2d 406; Steel v. State,35 Ala. App. 163, 44 So.2d 795.
The question as to the effect, if any, a pending appeal has on a judgment of conviction is not presented to this Court under the facts in this record. We hold when the state introduced a certified copy of the judgment showing a former conviction of the appellant for possession of narcotics, it made out a prima facie case. If such former conviction, for any reason was void, or insufficient to justify the enhancement of punishment provided for in the statute, the burden would be on the accused to present evidence of such matters. Am.Jur.2d,Vol. 39, Sec. 25, Burden Of Proof, at page 329. Justice Taylor speaking for the Supreme Court of Alabama in the case of Gee,Administrators v. Nicholson, 2 Stewart's Reports 512 said: "The suing the writ of error can make no difference. We cannot presume the decree to be reversed until this is shown by proof, but must consider it as yet in full force."
Justice Tyson, of the Supreme Court of Alabama, speaking of a judgment of a former conviction pending on appeal in the *Page 1239 
case of Viberg v. The State, 138 Ala. 100, at page 107,35 So. 53, at page 55, said:
 "Our conclusion is, that the judgment of conviction remained in full force and effect in so far as it was an adjudication of the guilt of the defendant for the purpose for which it was offered in evidence."
See also cases of Collier v. Alexander, 142 Ala. 422,38 So. 244; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795.
We have carefully searched the record for errors affecting the substantial rights of appellant and have found none.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment of conviction is affirmed.
AFFIRMED.
All Judges concur.