HARRIS, Judge.
Appellant was convicted for violating the Alabama Controlled Substances Act in selling marijuana to an undercover agent working for the Montgomery Police Department. He was represented at trial by counsel of his choice and at arraignment pleaded not guilty. The Court sentenced him to twelve years imprisonment in the penitentiary. He gave notice of appeal and filed a petition for a free transcript. The trial court found that appellant was indigent and he was furnished a free transcript. Trial counsel was appointed to represent him on appeal.
The undercover agent was Detective Michael M. Farrier of the Montgomery Police Department who was assigned to the Vice and Narcotics Detail. Farrier testified that, on the night of November 23,1976, he and Detective James E. Nichols made plans to make a controlled buy of drugs from appellant at his home at 3558 Young Drive, Apartment A, in the City and County of Montgomery, Alabama. Officer Nichols let Officer Farrier out of the car about two hundred yards from appellant’s home. Farrier walked to appellant’s residence and knocked on the door. Appellant came to the door and asked Officer Farrier what he wanted and Farrier asked him if he could buy a “nickel bag.” A “nickel bag” is the street term for a five-dollar bag of marijuana or other type drugs. Appellant told Farrier that he could get a “nickel bag” and to come into the apartment. Farrier entered the apartment and saw appellant go into a back bedroom. He returned in a few seconds with a brown manila envelope which contained a green vegetable substance and gave it to the officer who, in turn, gave appellant five dollars. Officer Farrier left, saying, “I will see you later.” He returned to the ear where Detective Nichols was waiting and the officers left immediately for Police Headquarters where the evidence was “heat” sealed in a plastic bag by Officer Farrier, who then put his initials MMF across the top of the sealed bag. After putting his initials on the bag, Farrier discovered there was a hole or torn place in a corner of the bag, and he put the green vegetable substance in another plastic bag and resealed it, but forgot to put his initials across the seal. Farrier then attached to the new bag a Toxicologist’s request form on which he wrote a code number — 411-16—to identify the substance as that which he had purchased from appellant. This package was then placed in an evidence locker to which Farrier had the only key at that time.
Detective Farrier identified State’s Exhibit No. 1 as the Toxicologist’s form which was attached to the envelope containing the substance which he had purchased from appellant. As above stated, this form bore the code number — 411-16—assigned to the case made against appellant. Exhibit No. 1 also had on it the date Detective Farrier personally delivered the contents of the envelope to Allan Raymond Adair, the Toxi *62 cologist who conducted the laboratory analysis of the contraband. The date was November 30, 1976. This witness also identified State’s Exhibit No. 2 as the envelope containing the substance he had purchased from the appellant on November 23, 1976. Both exhibits were admitted into evidence without objection.
State Toxicologist Allan Raymond Adair, whose qualifications were admitted by appellant’s counsel, testified that, on November 30, 1976, he received from Detective Farrier a clear plastic bag in a sealed condition along with a request sheet and a yellow envelope containing green plant material. Adair stated that he analyzed the contents of the bag and his analysis revealed that the green plant material was marijuana. Adair further testified that, after he examined the contents of the bag and determined it was marijuana, he placed the bag in his evidence locker. He stated that he had exclusive control over the plastic bag from the time it was delivered to him until the day of the trial and that it was in the same condition at that time as it was when he received it, except for the amount he used in making the laboratory examination.
Appellant testified in his behalf and denied selling anything to Detective Farrier on November 23, 1976, or at any other time. He claimed he was not at home on the night of the alleged sale and that the first time he saw Farrier was on the day of his trial. Appellant stated on direct examination that he had not used, sold or had in his possession any marijuana since he pleaded guilty to selling marijuana in the year 1974.
There was no motion to exclude the State’s evidence; there was no request for the affirmative charge, and no exceptions were reserved to the Court’s oral charge. Appellant did file a motion for a new trial in which he alleged the verdict of the jury was contrary to the evidence in the case. This motion was continued for disposition within thirty days but the record does not show that the motion for a new trial was ever ruled on. The record does reflect that during this thirty day period of time the trial court reduced the twelve year sentence to eight years in the penitentiary.
The evidence as to the custody, control and possession of Exhibits 1 and 2 unequivocally shows there is no missing link in the chain of identification. Identification and continuity of possession were sufficiently established, affording ample assurance of the authenticity of the marijuana drug and the analyses conducted by the Toxicologist. Pitts v. State, 56 Ala.App. 10, 318 So.2d 750; Mullins v. State, 56 Ala.App. 460, 323 So.2d 109; Rupert v. State, 54 Ala.App. 578, 310 So.2d 501.
Conflicting evidence regarding defendant’s alleged participation in the sale of marijuana presented an issue for the jury to resolve. Mullins v. State, supra; Peppers v. State, 53 Ala.App. 695, 304 So.2d 39.
A motion for a new trial must not only be filed within time but a ruling thereon is necessary to invite review by this Court.
A careful search of the record fails to reveal an error to reverse and the judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.