Unlawful possession of marijuana; sentence: five years' imprisonment.
The grand jury charged in pertinent part:
 "[T]hat before the finding of this indictment, Bill Joe Kidd . . . after having been previously convicted of, to-wit: Unlawful Possession of Marijuana, did unlawfully possess marijuana. . . ." (Emphasis added.)
The appellant filed an amended motion to quash the indictment, which was denied, contending that the indictment improperly sets out a prior separate offense, i.e. a prior conviction for possession of marijuana.
We find that the trial court was not in error in denying the motion to quash. The proper mode of reaching defects in an indictment is by demurrer and not by motion to quash. Frye v.State, Ala.Cr.App., 369 So.2d 892 (1979); Napier v. State, Ala.Cr.App., 344 So.2d 1235, cert. denied, Ala., 344 So.2d 1239
(1977).
The appellant filed a demurrer in the trial court, but did not raise the instant issue. Only one ground of the demurrer even mentioned the prior offense. It only stated that the indictment was vague and confusing because it alleged a prior conviction of marijuana possession without showing "the time, place or circumstances" of the previous conviction. Such items need not be alleged in an indictment, and the demurrer was properly overruled on that particular ground. Frye, supra; Lawv. State, Ala.Cr.App., 342 So.2d 412, cert. denied, Ala.,342 So.2d 413 (1977).
Had the issue been properly presented in the trial court below, our decision may have been different for it is apparent that the State has misread Napier, supra, in this *Page 351 
regard. The appellant in that case was not charged withpossession as in the instant case. For future reference for prosecutors, we point out that Napier (unlike the instant case) dealt with the application of two statutes, § 20-2-70 and §20-2-76, Code of Ala. 1975, which are as follows:
 "(a) Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of a false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony and, upon conviction, for the first offense may be imprisoned for not less than two nor more than 15 years and, in addition, may be fined not more than $25,000.00; provided, that any person who possesses any marihuana for his personal use only is guilty of a misdemeanor and, upon conviction for the offense, shall be imprisoned in the county jail for not more than one year, and in addition, shall be fined not more than $1,000.00; provided further, that the penalties for the subsequent offenses relating to possession of marihuana shall be the same as specified in the first sentence of this subsection."
(Emphasis added.)
. . . .
 "(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized or both.
 "(b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs."
This court interpreted those two statutes and explained away their apparent conflict in Palmer v. State, 54 Ala. App. 707,312 So.2d 399 (1975). On rehearing in Palmer, we held that §20-2-70 is controlling as to the punishment for subsequent offenses "relating to the possession of marihuana" and that §20-2-76 is controlling as to punishment for other types of narcotic drugs and "drug offenses relating to marihuana other than possession of same."
In cases where a defendant is to be charged with a subsequent offense of possession of marijuana only, it follows fromPalmer, supra, that § 20-2-76 cannot be used against him for enhancement of punishment. His punishment in such instances is governed by the first sentence in § 20-2-70, being from two to fifteen years' imprisonment and/or a fine of $25,000.
It is reasonably clear from Napier, supra, and from Funchesv. State, 56 Ala. App. 22, 318 So.2d 762, cert. denied, 294 Ala. 757, 318 So.2d 768 (1975), that when the State wishes to bring a defendant under the ambit of § 20-2-76 the prior conviction must be alleged in the indictment and later proven at trial. However, because the last clause of § 20-2-70 only provides that the penalties for the subsequent offenses relating to merepossession of marijuana "shall be the same as specified in the first sentence of this subsection" (relating to a first felony offense), it is unnecessary to allege a previous conviction. Likewise, in such cases, the proof of a prior marijuana possession is a matter to be considered on sentencing and will serve no purpose in disclosing such to a jury other than to prejudice a defendant by making him appear to be a person of bad character with the propensity of committing the type crime charged.
 II
Appellant contends he was illegally searched and marijuana seized from him in violation of his Fourth Amendment rights. At trial counsel for the appellant and the district attorney entered into a stipulation that the testimony taken and transcribed at the preliminary hearing in the instant case would be the same if presented on the appellant's motion to suppress the fruits of *Page 352 
the search and seizure of the appellant. The trial judge considered the evidence as such and denied the appellant's motion to suppress.
The evidence presented in support of the motion to suppress establishes a warrantless search of the appellant. Unless it came within one of the exceptions to the warrant requirement, the search was illegal. Daniels v. State, 290 Ala. 316,276 So.2d 441 (1973).
The appellant was arrested and searched by Steve Griffis, an investigator with the Monroe County sheriff's department. Griffis testified that around 7:00 p.m. on June 1, 1979, he was approached at the county jail by an informant. He said the informant was reliable in that he had furnished Griffis with information recently which led to the arrest and conviction of other drug violators. The informant told Griffis that he and a friend were with the appellant within the past hour, and the informant personally saw his friend purchase marijuana from the appellant. He also observed the appellant sell his friend some "white powder rolled up in tinfoil." The appellant then told the informant and his friend that he (appellant) expected to have a good night at the "Barn," a dance hall described as "a local outlet."
The above testimony meets the "basis" test and the "veracity" test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509,12 L.Ed.2d 723 (1964), and Spinelli v. United States,393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). First, the unidentified informant gave the officer some of the underlying circumstances from which the informant concluded the appellant was in possession of marijuana, and second, the officer had knowledge of facts from which he could conclude that the informer was credible and his information was reliable.
The officer therefore had probable cause to obtain a search warrant. However, he failed to do so, but instead set up surveillance of the Barn around 8:00 p.m. that night. The appellant did not arrive until 9:30 p.m. However, the fact that the officer had probable cause to obtain a search warrant, but failed to do so does not prevent him from setting up surveillance of a suspect and later making a warrantless search should exigent circumstances arise. Rickman v. State, Ala.,361 So.2d 28 (1978), reversing Ala.Cr.App., 361 So.2d 22. In that case our supreme court quoted from United States v. Rabinowitz,339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), the following:
 "The judgment of the officers as to when to close the trap on a criminal committing a crime in their presence or who they have reasonable cause to believe is committing a felony is not determined solely upon whether there was time to procure a search warrant. Some flexibility will be accorded law officers engaged in daily battle with criminals for whose restraint criminal laws are essential."
Officer Griffis testified that after he and a partner, in separate places, set up their surveillance, they observed the appellant drive up to the Barn. Before appellant could get out of his car, a young man ran up and gave the appellant some money and received a small plastic bag from the appellant. They observed the appellant park his car, lock it, and go inside the Barn. About thirty or forty-five minutes later, Griffis observed the appellant "come out of the back door of the Barn" and stop and roll two handmade cigarettes and put them in his pocket. Griffis then called in his partner as the appellant began rolling another cigarette.
In Griffis's testimony, stipulated to for purposes of thesuppression hearing, he said that as the deputy's car came around the back of the Barn, "Bill Joe saw his car and throwed (sic) what he had in his hands down and ran into one of the stalls" in the rear of the Barn. (R.p. 102) Further in the stipulated facts, he said, "[a]nd when the car rolled by, Bill Joe saw it and ran into the stall." (R.p. 141) Griffis then caught the appellant in one of the horse stalls, reached into the appellant's pocket, and removed two marijuana cigarettes.
We believe the appellant's flight when he saw the deputy sheriff's car provided the *Page 353 
exigent circumstances necessary to justify a warrantless seizure and resulting search of the appellant. Based upon the information the officers had from the informant's tip, plus their own observations of the appellant's conduct at the Barn, any reasonable person would be led to believe the appellant was in possession of marijuana. It was dark and he fled. It was likely that he would have destroyed or hidden the contraband if Griffis had not acted promptly in seizing the appellant and confiscating the contraband. Therefore, pursuant to the probable cause plus exigent circumstances exception to the warrant requirement set out in Daniels, supra, we find no error in the trial court's refusal to grant the appellant's motion to suppress.
AFFIRMED.
All the Judges concur.