BASCHAB, Judge.
On August 22, 1985, the appellant, Douglas Ray Goodwin, pled guilty to unlawful possession of marijuana, a violation of § 20-2-70, Ala.Code 1975. The trial court sentenced him to serve a term of twenty-five years in prison. He did not appeal his conviction. On March 8, 2005, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that his sentence exceeds the maximum authorized by law because he was allegedly improperly sentenced as a habitual offender. Specifically, he contends that he was indicted on August 22, 1985; that he did not have any prior convictions for violations of the Controlled Substances Act, § 20-2-1 et seq., Ala.Code 1975; and that he should not have been sentenced as a repeat offender. The State concedes that a remand is necessary to determine whether the appellant was properly sentenced pursuant to the Controlled Substances Act. For the reasons set forth herein, we agree.
The case action summary sheet in this case indicates that the appellant was “sentenced as Habitual Offender.” (C.R. 16.) However, in Ex parte Chambers, 522 So.2d 313, 316 (Ala.1987), the Alabama Supreme Court held:
“The Habitual Felony Offender Act, with its punishment enhancement provisions, is a penal statute, and must be strictly construed, especially in regard to its applicability to felony offenses outside the Criminal Code. A careful reading of the pertinent provisions of Title 13A, Chapter 5, along with the commentary thereto, makes it quite obvious that the legislature did not intend the Habitual Felony Offender Act to apply to felony drug offenses. That legislative intent is made unequivocal by the inclusion of a recidivist statute in the Controlled Substances Act itself, the enhancement provisions of which are plainly applicable to the facts of the present case.
[[Image here]]
“... Because the sentences applicable to drug offenses and repeat drug offenses are provided within the Controlled Substances Act, we hold that defendants convicted thereunder must be sentenced according to its provisions, not the sentencing provisions of Title 13A.”
(Footnote omitted.) Thus, the appellant should not have been sentenced as a habitual offender pursuant to the Habitual Felony Offender Act.
Also, § 20-2-70(a), Ala.Code 1975, pursuant to which the appellant pled guilty, provided, in pertinent part:
“Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony and, upon conviction, for the first offense may be imprisoned for not less than two nor more than 15 years and, in addition, may be fined not more than $25,000.00; provided, that any person who possesses any marihuana for his personal use only is guilty of a misdemeanor and, upon conviction of the offense, shall be imprisoned in the county jail for not more than one year, and in addition, shall be fined not more than $1,000.00; provided further, that the penalties for the subsequent offenses relating to possession of marihuana shall *57 be the same as specified in the first sentence of this subsection.”
(Emphasis added.) Section 20-2-76, Ala. Code 1975, provided, in pertinent part:
“(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized or both.
“(b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.”
In Kidd v. State, 398 So.2d 349, 351 (Ala.Crim.App.1981), this court stated:
“This court interpreted those two statutes and explained away their apparent conflict in Palmer v. State, 54 Ala.App. 707, 312 So.2d 399 (1975). On rehearing in Palmer, we held that § 20-2-70 is controlling as to the punishment for subsequent offenses ‘relating to the possession of marihuana ’ and that § 20-2-76 is controlling as to punishment for other types of narcotic drugs and ‘drug offenses relating to marihuana other than possession of same.’
“In cases where a defendant is to be charged with a subsequent offense of possession of marijuana only, it follows from Palmer, supra, that § 20-2-76 cannot be used against him for enhancement of punishment. His punishment in such instances is governed by the first sentence in § 20-2-70, being from two to fifteen years’ imprisonment and/or a fine of $25,000.”
Thus, if the appellant did not have any prior convictions for violations of the Controlled Substances Act, or if his prior conviction or convictions were related to possession of marijuana, then he should have been sentenced pursuant to § 20-2-70, Ala.Code 1975, rather than pursuant to the recidivist provisions set forth in § 20-2-76, Ala.Code 1975. Under § 20-2-70, Ala. Code 1975, the proper range of punishment was not less than two nor more than fifteen years in prison. If this section applied, the appellant’s sentence of twenty-five years in prison is excessive.
Finally, in Kidd, 398 So.2d at 351, we further noted:
“It is reasonably clear from Napier [v. State, 344 So.2d 1235 (Ala.Crim.App.1977)], and from Funches v. State, 56 Ala.App. 22, 318 So.2d 762, cert. denied, 294 Ala. 757, 318 So.2d 768 (1975), that when the State wishes to bring a defendant under the ambit of § 20-2-76 the prior conviction must be alleged in the indictment and later proven at trial.”
We have reviewed the indictment that the appellant attached to his petition, and it does not allege that he has any prior convictions pursuant to the Controlled Substances Act.
For these reasons, the appellant’s argument may be meritorious. Accordingly, we remand this case to the circuit court with instructions that it make specific, written findings of fact as to whether the appellant was sentenced pursuant to the Habitual Felony Offender Act or pursuant to § 20-2-76, Ala.Code 1975; whether he had any prior convictions for violations of the Controlled Substances Act and, if so, for what offenses; and whether any such prior convictions were used to enhance his sentence in this case. On remand, the circuit court may require the State to respond more specifically to the appellant’s claim and/or take affidavits or conduct an evidentiary hearing on that claim. If the circuit court determines that the appellant *58 was improperly sentenced pursuant to the Habitual Felony Offender Act or § 20-2-76, Ala.Code 1975, it shall resentence him pursuant to § 20-2-70, Ala.Code 1975. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact; any additional response by the State; and affidavits or a transcript of the evidentiary hearing, if any.
REMANDED WITH INSTRUCTIONS. 
MeMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.